Nash. J.
 

 This is a branch of the case of
 
 Wood et. al.
 
 v
 
 Bagley,
 
 administrator of Dail, decided at this Term, the parties being reversed. The motion, in that case, was to set aside the execution; ia this, to amend the record. The facts in both cases are the same, and need not be repeated here. The motion, in this case, was to strike out of the record the
 
 cessat executio,
 
 entered at the 'time the original judgment was obtained. Upon due consideration the County Court refused so to amend the record, and an appeal was
 
 *91
 
 taken by the plaintiff to the Superior Court, where-the judg-. ment of the County Court, as stated in the case,.was affirm-, ed, and' an appeal taken to this Court..
 

 Every Court has the control of its own recordsj.aftd may alter or amend them, or refuse to do so,.at their’discretion». So far as the action of the- County Court,is concerned, the. exercise of this discretion is subject to the revision of the Superior Court, to which an.appeal lies, by act of 1.836, j Rev.., St., ch. 4, sec. 1, from every judgment, sentence, or decree-made by it. There are some eases, in which no appeal Mes, but this is not one of them. Where an appeal is properly taken, it vacates the judgment, and; the trial in the-appellate Court .is
 
 de novo,
 
 as if'no such judgment had beén obtained'in the County Court; and the motion to a-, mend is made-in the Superior Court, as if for the first time.. And, in considering the motion, the latter Court is not confined to the.evidence in the Court below, but may hear and will hear any additional or new evidence,, which maybe offered by the parties. Whether the decision in this case ■ was one of amendment, which is purely in the discretion,of the Judge, or one, which is subject to review here, we-equally think the judgment is final and should be affirmed ;; for the reason,, this is a Court for the correction of errors in, matters of law, and not matters of fact. These principles, are abundantly shown by the cases of
 
 Jewett
 
 v
 
 Boon
 
 5 Ire.
 
 9
 
 — Galloway v
 
 McKethan,
 
 5 Ire. 12 — and
 
 Dickerson
 
 v
 
 Tippett,
 
 9 Ire. 163 ; and more fully in the recent case of
 
 Britt
 
 v
 
 Patterson,
 
 10 Ire. 390. The- case shows, that the same evidence was laid before the Judge below, as was submitted to the-County Court, and the case was heard by his.. Honor, “ upon the evidence submitted.”' His decision, therefore, must be final — we cannot look into the facts, upon, which his judgment was founded, it being a judgment-given,, in the exercise of a. discretionary power.
 

 Her CuaiMt. ■ Judgment affirmed;;