STATE *ex rel.* ARMFIELD and ARMFIELD *v.* BROWN and others.

STATE on the relation of H. B. ARMFIELD and M. L. ARMFIELD *v.* JOHN D. BROWN, THOMAS E. BRO W N and LUKE BLACKMER.

Where the parties to an action have mutually agreed to a reference, they cannot after an adverse decision, as a matter of right, claim a trial of the issues arising in the cause, by a jury.

Every Court has the power to amend its records, so as to make them speak the truth; but when a Court, after hearing evidence, refuses to amend its records, no appeal lies from such refusal.

A guardian is responsible not only for what he receives, but for all he might have received, by the exercise of ordinary diligence and the highest degree of good faith.

CIVIL ACTION, tried before *Wilson, J.*, at Fall Term, 1874, ROWAN Superior Court.

This case was before this Court at January Term, 1874, and is fully reported in 70 N. C. Rep., 27.

The defendants after notice and upon affidavits filed in the cause, moved the Court to amend the record, *nunc pro tunc,* so as to show that the order of reference heretofore made was not by consent, but compulsory, which motion was refused by the Court.

To the ruling of his Honor, the defendants excepted.

The defendants then moved the Court for a jury to try the issues of fact arising on the referee's report, which motion was also refused, and the defendants again excepted.

The case was then heard upon the exceptions to the referee's report, and the exceptions were overruled and the report confirmed.

From the judgment of the Court confirming the report of the referee, the defendants appealed.

*W. H. Bailey,* for appellants.
*Craige & Craige, Jones & Jones,* contra.

SETTLE, J.   1. When this case was before us on a point of
6

practice involving the right of a party to have issues tried by a jury, after a reference by consent, we held " that the reference in this case was by consent duly given, and that parties, after selecting their forum and meeting with an adverse decision, will not be allowed as a matter of right to turn round and successfully assert a right which they had renounced." *Armfield* v. *Brown*, 70 N. C. Rep., 27. In the face of this decision the defendant moved the Court for a jury to try the issues of fact arising on the referee's report, and makes the denial of the motion a point of appeal to this Court. Com. ment is unnecessary. *Lippard* v. *Roseman*, 72 N. C. Rep., 427.

2. As to the motion of the defendant to amend the record, *nunc pro tunc*, so as to show that the order of reference heretofore made in this case was not by consent, but was compulsory, we have only to say, every Court has the power to amend the entries on its records so as to make them speak the truth, but when a Court, after hearing the evidence, in the exercise of its discretion refuses to amend a record because, as we must infer, the evidence does not satisfy the Court that the record ought to be amended, there is no appeal from such refusal to this Court.

3. What is the liability of the defendants?

A guardian is liable not only for what he receives, but for all he ought to have received of his ward's estate. And while infallible judgment is not expected of him in the management of his ward's estate, yet ordinary diligence and the highest degree of good faith is expected and required of him in the execution of his trust.

The guardian, John D. Brown, ought to have collected from Thomas E. Brown, the administrator of Jonathan Armfield, the estate of his wards in good money, for all the parties were solvent on the 7th of November, 1863, when the guardian received Confederate money, which had depreciated to the extent of fifteen dollars for one in gold. No sufficient reason has been shown to justify this transaction. Thomas E. Brown, the administrator of Jonathan Armfield, had seen fit, in 1856,

to take the individual note, without security, of Sarah J. Armfield, the widow of the intestate, for a large portion of the estate, which remained unpaid until November, 1863.

John D. Brown was appointed guardian of the relators in November, 1863, and received of the defendant Thomas E. Brown, who is one of the sureties on his guardian bond, Confederate money in payment of his ward's interests in their father's estate, and the only account ever rendered by the guardian purporting to be an exhibit of the condition of the estate of the relators in his hands, was filed at May Term, 1865, of the Court of Pleas and Quarter Sessions for Rowan county.

All these facts would indicate that the estate of the relators has been, from first to last, most negligently managed.

We see no error in the rulings of the Superior Court. Let the judgment be affirmed.

PER CURIAM.                                Judgment affirmed.