SAMUEL H. PERRY v. W. T. ADAMS and wife.

*Amendment of Court Record—Appeal.*

1. It is not only the right but the duty of the court to so correct and amend its records as to make them a true and perfect transcript of whatever occurred that belongs to the record, and the rule is not varied by the fact that the record when corrected will not then avail the purposes of the party moving the amendment.

2. The refusal to amend a court record is not the subject of review on appeal, unless based upon an adjudged want of power, and in such cases, as the discretion has not been exercised, the matter will be remanded in order that it may be.

(*Parsons* v. *McBride*, 4 Jones, 99; *Armfield* v. *Brown*, 73 N. C., 81; *Ashe* v. *Streator*, 8 Jones, 256; *State* v. *Swepson*, 81 N. C., 571; *State* v. *Davis*, 80 N. C., 384; *Phillips* v. *Higdon*, Busb., 380; *Seawell* v. *Bank*, 3 Dev., 279, *Finley* v. *Smith*, 4 Dev., 95; *Bagley* v. *Wood*, 12 Ired., 90; *Pendleton* v. *Pendleton*, 2 Jones, 135; *Gibbs* v. *Brooks*, 1 Jones, 448; *Williams* v. *Sharpe*, 70 N. C., 582; *Winslow* v. *Anderson*, 2 Dev. & Bat., 9, cited and approved.)

MOTION to amend record, heard at Spring Term, 1880, of GRANVILLE Superior Court, before *Seymour, J.*

The motion was denied and the plaintiff appealed.

*Messrs. Merrimon & Fuller, J. B. Batchelor* and *L. C. Edwards*, for plaintiff.

*Mr. M. V. Lanier*, for defendants.

SMITH, C. J. At February term, 1867, of the late county court, Simeon D. Coley, administrator of John R. Perry, filed his petition against Lucy A., then an infant and now the wife of the defendant W. T. Adams, and the sole heir at law of the intestate, for license to sell the lands descended to her for the payment of his debts. The petition was not sworn to, nor was service made upon the infant, or upon or accepted by her guardian.

The order for sale was granted, the sale made on April 29th, 1867, the land bought by the plaintiff, Samuel H. Perry, at the price of seven hundred dollars, and bond given therefor, the sale reported and confirmed at next term, and the petitioner ordered to collect the purchase money when due, and when collected to make title to the purchaser. The money was afterwards paid, a deed executed for the land, and the fund applied in a due course of administration.

The feme heir at law of the intestate was, at the commencement of this proceeding but five years of age and had a general guardian appointed in November previous thereto, and she married before attaining her majority. The guardian had knowledge of the proceeding but never became in any way a party.

The plaintiff's motion was to amend so as to set out in form the action of the court during the progress of the cause which was not particularly noted in the record, and the court found as a fact that the action of the court was held in accordance with the proposed amendment, but decided as a conclusion of law that the plaintiff was not entitled to his motion against the defendants for the reason that neither the infant nor her guardian were parties to the proceeding.

It is not only the right but the duty of the court, as its records import absolute verity, to so correct and amend them as to make them speak the truth, and be a transcript of whatever occurred that properly belongs to its record. *Parsons* v. *McBride*, 4 Jones, 99; *Armfield* v. *Brown*, 73 N. C., 81; *Ashe* v. *Streator*, 8 Jones, 256; *State* v. *Swepson*, 81 N. C., 571; *State* v. *Davis*, 80 N. C., 384; *Phillipse* v. *Higdon*, Busb., 380.

That the effect of an amendment may be to validate void process even, is not alone a sufficient reason for refusing to make it in a proper case. Thus a seal necessary to the validity of a writ when issued to another county, and the

sheriff has acted upon it, may on its return have the seal affixed and thus be rendered valid. *Seawell* v. *Bank*, 3 Dev., 279; *Finley* v. *Smith*, 4 Dev., 95.

This the court may do in perfecting process, and why not in correcting an erroneous recital in the record?

The reason assigned by the court for the refusal seems to be invalidity of the proceeding, as *ex parte* to affect the rights and interests of the heirs in the descended estate. But whether the proceeding be effective or not, it is obviously proper that what was in fact done and ordered should be entered upon the records. The court undertook to proceed in the cause and did make the several orders which are not fully set out, and we see no sufficient reason, founded upon the uselessness of the amendment, why in this, as in all other cases, the action of the court should not be truthfully entered. While, if amended, it may not affect the rights of the defendants, it is undoubtedly a proceeding begun in the court and conducted to a conclusion and although inoperative, is not less truly the action of the court than if its effect was to divest the estate out of the heir. We think, therefore, the court was under no legal obligation to refuse the motion upon the ground stated. But it is equally plain that the amendment, whether made or refused, is not the subject of appeal. The court whose records are to be affected is alone the judge of the facts and of the propriety of the amendment. It was otherwise by statute in the case of the records of the county court, which on appeal, could be reviewed and determined in the superior court. *Armfield* v. *Brown, supra;* *Bagley* v. *Wood*, 12 Ired., 90; *Pendleton* v. *Pendleton*, 2 Jones, 135.

In the last case, NASH, C. J., says: "Every court has the control of its own records and may alter or amend them or refuse to do so at its discretion. Whether the decision in this case was one of amendment, which is purely in the discretion of the judge, or one which is subject to review here,

PERRY *v.* ADAMS.

we equally think the judgment is final and should be affirmed, for the reason that this is a court for the correction of errors in matters of law and not matters of fact." ·

We do not mean to say that no amendments when made are reviewable here, because when they affect vested rights, the court is not competent to make them, as in *Phillipse* v. *Higdon, supra; Gibbs* v. *Brooks,* 1 Jones, 448; *Williams* v. *Sharpe,* 70 N. C., 582. But the refusal to amend is not the subject of review unless predicated upon an adjudged want of power, and in such case as the discretion has not been exercised, the matter will be remanded in order that it may be. *Winslow* v. *Anderson,* 2 Dev. and Bat., 9.

We are at some loss to understand the ruling below, and whether the court means to abnegate its power to amend, and rest its decision upon the legal principle that the record in the case was unamendable because of the want of a party defendant. But as His Honor seems to have adjudged against the plaintiff's motion, as involving a question of right rather than the exercise of his own discretion in granting or refusing the amendment, we feel constrained to remand the matter to the reconsideration of the court, without any intimation that the amendment proposed if made will be of any practical advantage to the purchaser, but that the court may, if fully satisfied of the facts, make the record a true and faithful narrative of what was done.

The judgment is reversed and this will be certified.

Error.                        Reversed.