JOHN E. EPPS and wife v. ELIZABETH T. FLOWERS.

*Dower—Amendment—Process—Married Women—Deeds—Infancy.*

1. Where the summons in an action or special proceeding, of which the Superior Court has jurisdiction, to be exercised by its Clerk, is made returnable to " term time " instead of before the Clerk, the Judge of the Court may remand it with directions to amend the process so as to make it properly returnable.

2. A deed made by a married woman under twenty-one years of age is voidable, though executed with all the formalities required by the statute.

3. The presumption of the ratification of a voidable deed by long acquiescence, will not arise against a woman under the disability of coverture.

4. The privy examination of a married woman is not now, as was formerly, conclusive until set aside by some proceeding to impeach it; but is open to like defences, and is upon the same footing as deeds made by other persons.

This is an APPEAL from an order made by *Merrimon, J.,* at October Term, 1887, of WAYNE Superior Court.

This action for the recovery of dower in certain lands alleged to have been owned by a former deceased husband of the *feme* plaintiff and subject to her right of dower, was

begun by a summons made returnable and returned before the Judge of the Superior Court of Wayne, at the regular Spring Term thereof, in the year 1887.

The complaint alleges the *feme* plaintiff's marriage in May, 1874, with George W. Johnson, his death in November, 1876, and intestacy, his seizure in fee of certain lots, particularly designated, in the town of Mount Olive, and the possession of the different lots by the several defendants who claim title thereto, and their wrongful withholding.

It then proceeds to say:

"That during coverture her first husband made deeds of conveyance of said lots in the execution of which she joined and was privily examined, and under which the defendants claim title, but that at the time the *feme* plaintiff was under the age of twenty-one years, and that while the intermarriage of the plaintiff took place on December 26th, 1874, she did not attain her majority until December of the following year."

The defendants join in a demurrer to the complaint, and assign as the grounds thereof:

1. For that the Superior Court in term has no jurisdiction of the cause of action set out in the complaint, in that it is alleged the plaintiff is entitled to dower in certain lands, and there is no allegation of any equitable element entitling her to bring her action to the Superior Court in term.

2. For that the complaint does not state facts sufficient to constitute a cause of action in this Court, in that the plaintiff alleges she is entitled to dower in certain lands and does not allege any equitable element entitling her to bring her action in said Court.

The complaint was afterwards, with leave of the Court, amended so as to charge the defendants with the rents and profits received during their separate occupations by the defendants. The Court, on the hearing of the issue made upon the demurrer, overruled it, and suggested to the plain-

tiff to obtain leave of the Clerk to amend the summons so as to make it returnable before him in the Superior Court. From this judgment the defendants appealed.

No counsel for the plaintiff.
*Mr. W. R. Allen,* for the defendants.

Smith, C. J., (after stating the case.) The order of remand, followed by the suggested amendment of the process, would, if allowable to be made, remove the jurisdictional impediment and place the cause before the Clerk, acting for the Superior Court, as in case of a special proceeding. *The Code,* §§ 279, 2111.

In our opinion, there being but one Superior Court whose functions are in certain cases exercised by the Clerk, this disposition of the case was proper, and warranted by the rulings heretofore made in this Court. *Cheatham* v. *Crews,* 81 N. C., 343; *Capps* v. *Capps,* 85 N. C., 408.

But, assuming the acquirement of jurisdiction, there is a further insuperable difficulty in the way of the defendants. The deed of Johnson and wife was made when the latter was alike under age and under coverture, so that she was incapable of making a valid and irrevocable deed, even though the forms prescribed for married women were strictly pursued. But this did not remove the disability from infancy, and before the latter terminated she entered into a second marriage, since which she has arrived at full age.

It is true that a long period elapsed after the deed was made, and a period of nearly ten years also after the *feme* plaintiff arrived at full age before the claim for dower in this suit was asserted, yet there has been no time when both disabilities were removed so that she was free to act, and time could be counted against her as required by *The Code,* §§ 148, 170.

The defect in the making of the deed, so far as it affects her, is that she was unable to relinquish her inchoate right to dower in the land, for the statute gives effect only to deeds executed by married women according to its provisions as to such deeds as are executed by others who must have attained the age of twenty-one years.

Now the deeds of infants, as such, are voidable, capable of ratification or of repudiation when that disability ceases, and this may be indicated by the acts of the parties, and perhaps by long and unreasonable acquiesence in the possession and enjoyments of the property by those claiming under the conveyance. But since the option of disaffirmance has been afforded, the plaintiff has been under a renewed disability, preventing the consequences ordinarily following a failure to exercise her option, and leaving her free to do so in the institution of her present suit. The only question then, the difficulties adverted to being out of the way, is as to the effect of the private examination of the *feme* plaintiff upon her claim of dower.

As the statute existed previous to the Revised Code, such an examination and action under it was held to be conclusive in the nature and with the force of a judicial determination, which could only be reached by a direct impeaching proceeding. But as modified in the Revised Code, it is declared that deeds made by married women, while strictly observing the prescribed form, stand "*upon the same footing and are open* to like defences," as deeds made by persons who are *sui juris.*

The subject is fully considered in the case of *Jones* v. *Cohen,* 82 N. C., 75, and we are content with the simple reference to it without further comment.

As there has been no effectual act imparting validity to the deed because of a second coverture supervening before the *feme* attained full age, nor can it be inferred from her

101—11

silence and inaction because of such coverture, we are of opinion that upon the face of the complaint there is a sufficient cause of action stated, so that when placed in the rightful jurisdiction the cause must proceed. There is no error, and the judgment must be affirmed.

Affirmed.