MARGARET HALL v. L. D. CASTLEBERRY et. al

*Married Women—Privy Examination—Deed.*

1. It is not necessary to the validity of the privy examination of a married woman in respect to her execution of a deed, that the husband shall go entirely out of the room where the examination is being made; it is sufficient if the husband and wife shall be so far separated as to leave the latter at liberty to express freely to the officer conducting the examination her will and desire in the matter.

2. Whether it is competent to attack the execution of a deed by a married woman, where all the requirements of the statute in respect

to the privy examination have been complied with, by showing that in fact her assent was not freely and voluntarily given. *Quære ?*

This is a CIVIL ACTION, which was tried before *Merrimon, J.,* at October Term, 1887, of WAKE Superior Court.

The plaintiff being the owner of a lot in the city of Raleigh, and her husband, Robert Hall, owning an adjoining lot, each containing a quarter of an acre, after their intermarriage united with him in executing a mortgage deed to Addison Pulley, conveying said lots to him to secure an indebtedness contracted by him in the purchase of a horse. The probate thereof was, after what purports to be a private examination before the Clerk of the Superior Court, in the form prescribed by law, and sufficient to pass her estate and inchoate right of dower in both lots, and the same has been duly registered. The deed bears date on or about January 21, 1886, and under a power of sale vested in the mortgagee to be exercised in case of default, and according to its provisions the mortgagee sold and conveyed the lots to the defendant, L. D. Castleberry, who entered into possession, and has continued his occupation since.

The plaintiff's husband, it is alleged in the complaint and not denied by Castleberry—who alone puts in an answer to the amended complaint in which the averment is contained—has deserted her and, living in another county, refuses to hold any communication with her, and refuses to assist her in prosecuting the present suit, for which reason he is placed among the defendants.

The gravamen of the complaint rests upon an allegation that the plaintiff's "privy examination was never taken according to law, by any person having power and authority to take examination of *feme coverts*," and that the mortgage

is consequently ineffectual to divest her estate in her own lot or her right of dower and contingent homestead in that of her husband.

The prayer is that the mortgage deed be declared null, and as such surrendered for cancellation; that she be put in possession of said lots, jointly with her husband as to his lot.

The only issue passed upon by the jury was: Is the plaintiff the owner and entitled to the possession of the tract of land described in the first paragraph of the complaint?— reference being made to that claimed by the plaintiff as her own.

The Clerk of the Court by whom the privy examination was made, testified that the plaintiff and her husband, with one Pulley, came into his office together; Pulley and the husband came behind the railing; the wife did not come behind at first; she signed the deed before she was examined; "I told him"—the husband—"to stand aside. He went outside of railing; I asked if she signed the deed for the purposes contained, and repeated the substance of the privy examination. I satisfied myself that the husband was out of hearing, or I would not have gone through the examination. At the time I asked plaintiff the questions her face was not in direction her husband went, but in the other direction  I remember the transaction distinctly; the deed was not read over to plaintiff in my presence."

The Court charged the jury that, "the statute does not define how or to what distance from the husband the plaintiff should have been separated, but she should have been put in a position and place with respect to her husband to feel free to express herself under the examination as to her will and desire as to her execution of the deed."

The jury responded to the issue, " No."

Thereupon judgment was rendered against the plaintiff, from which she appealed.

*Mr. J. B. Batchelor*, for the plaintiff.
*Mr. J. N. Holding*, for the defendants.

SMITH, C. J. Inasmuch as the husband is not in the action, and possession under a claim of dower can only be asserted after the husband's death, we see no basis for the demand of a judgment for the recovery of possession of the lot that belonged to the husband, and still less for a cancellation of the mortgage deed, which, as we have repeatedly said, should not be adjudged, as it may be a protection to others not in the suit, and besides, the destruction of a deed does not reconvey a divested estate in the lands.

But aside from these and other embarrassments in the way of prosecuting the present suit, the alleged irregularity connected with the plaintiff's execution of the mortgage and the manner of taking her private examination, the imputations charged in the most general terms but specified in the plaintiff's testimony, as impeaching the mortgage, are met and repelled by the verdict of the jury given under the instructions of the Court.

The argument for the appellant made before us, proceeds upon the idea that it was the duty of the Judge to pronounce upon the legal effect of the facts developed in the testimony, and to tell the jury what it was, and that in this respect it is erroneous in law.

No demand for instructions appears to have been made, and an omission to give such, as if asked, ought to have been given, it has been often said, is not an error assignable upon an imputed imperfection of the charge as transmitted with the record, for it is a settled rule to regard the record as intended to present so much of what transpired at the trial only as tended to present and explain the rulings complained of in the Court below. *State* v. *Hardee*, 83 N. C., 619; *Willey* v. *Railroad*, 96 N. C., 408, and numerous cases therein cited.

The exception to the charge is directed to that portion which begins with the words: "Now in this case did the Clerk examine," &c., but where terminating, except at the end of the charge, is not stated. The charge, proceeding from the words quoted are, "the plaintiff separate and apart from her husband." The statute does not define how or to what distance from the husband the plaintiff should have been separated, but the wife should have been put in a position and place with respect to her husband to feel free to express herself under the examination as to her will and desire in respect to the deed which, it is claimed by the defendants, she executed.

It was not necessary to the validity of the examination of the plaintiff, by the Clerk, that her husband should have gone entirely out of the room. It was only necessary that he should have gone separate and apart from the plaintiff, and so far as to leave the plaintiff free to express to the Clerk her will and desire with respect to the alleged mortgage freely and voluntarily.

This is a fair interpretation of the requirements of the law in the conveyance of the real property of married women, and furnishes no ground of complaint, at least, to the appellant. We do not undertake to say to what extent these useful safeguards, provided for the protection of persons under coverture and their lands, observed and certified by officers authorized to take such acknowledgments and private examinations to assure the freedom and volition of the act, may be impeached, and the deed thus made and certified rendered invalid, by proof that the act was not voluntary, but under restraint and coercion, thus rendering title insecure and uncertain, nor whether such attempted repudiation, if tolerated would not be a fraud, against which coverture does not afford shelter. Most serious consequences, with temptations to fraud and perjury might follow, the main-

tainance of such a proposition. But it is enough to say that in the conflicting testimony as to the fact and circumstances surrounding the present transaction, the jury find against plaintiff, and under the charge, the verdict settles the controversy adversely to the plaintiff.

There is no error, and the judgment must be affirmed.

Affirmed.