RICHARD WYNNE and wife v. R. H. SMALL et al.

*Married Women, Private Examination of— Certificates of Probate, Correction of— The Code,* § 1246—*Deeds, Collateral and Direct Impeachment of.*

1. Before the private examination of a *feme covert* can be lawfully taken, under section 1246, the deed must be acknowledged by both husband and wife, or its execution by *both* proven by a subscribing witness.

2. If, *in fact*, the execution of the deed by both husband and wife was properly proven before the private examination was taken, but the certificate of the officer does not show it, the certificate may be corrected and made to speak the truth, in a proper proceeding, and, *perhaps*, summarily, by motion. When so corrected, it speaks from its original date.

3. A certificate of probate. made by a proper officer, must be accepted as true when it comes up *collaterally*, and its recitals cannot be disproved nor its omissions supplied by extraneous proof.

4. The rule laid down in *Jones* v. *Cohen*, 82 N. C., 75, with regard to impeaching deeds of *femes covert*, and certificates of their private examination, affirmed.

CIVIL ACTION, to recover land, heard by *MacRae, J.*, upon a case agreed, at February Term, 1889, of CHOWAN Superior Court.

The land, the title to which is contested in the action, belonged to the plaintiff Richard Wynne, and he and his wife, the plaintiff Alice, on February 27, 1883, united in making a deed therefor to C. W. Cason, by whom it was also executed, to secure a debt due him. It was registered in Chowan County, upon a certificate of probate before the Clerk of the Superior Court, on the next day, in the following form:

"NORTH CAROLINA, ⎫ In Probate Court,
  " CHOWAN COUNTY. ⎭          *February* 28, 1883.

" Personally appears J. R. B. Hathaway, witness to the foregoing deed of trust, and proves the execution thereof by Richard Wynne and C. W. Cason; and the said Alice Wynne, wife of said Richard Wynne, being by me privily examined touching the execution of the same, declares that she executed the same freely of her own accord, without fear, force or undue influence of her said husband, and doth now voluntarily assent thereto. Therefore, let this deed, with this certificate, be registered.

" W. R. SKINNER,
  " *Probate Judge.*"

The land was sold under this deed in trust, and bid off by the defendants and their wives, to whom a deed has been made by the trustee.

The sufficiency of the proof of execution by the parties, as shown in the entry of probate and of the registration thereunder, to render the deed effectual in passing the estate in the land, or that the defect can be removed by parol proof of any additional fact, was denied, and it was by consent submitted to the determination of the Judge on these terms:

"If the Court shall be of opinion that the defendants can offer evidence *aliunde* as to the acknowledgment and taking of the *feme covert's* examination, as set out on the face of the deed, the defendants are allowed. to offer the evidence and the Court to find the facts it proves.

"If, upon the facts agreed, and so found, the Court shall be of opinion in favor of the plaintiffs, judgment shall be so entered; if of a contrary opinion, for the defendants, with the right of appeal by either party."

The Court heard the parol proof of the subscribing witness, who testified "that his impression is that he proved, on oath before the Clerk, the execution of the deed by Mrs. Wynne as well as by Mr. Wynne and Mr. Cason;" that "he knows nothing of the private examination of Mrs. Wynne, and does not think Mr. and Mrs. Wynne were present when he proved the deed."

Thereupon, thus aided, the Court ruled the probate to be effectual to convey the land, and adjudged "that the plaintiffs take nothing, and the defendants go without day."

From this judgment the plaintiffs appeal, and present for our determination two questions: the competency of the testimony received to remove the defects in the certificate, and the legal effect of the additional facts established.

No counsel for the plaintiffs.
*Mr. W. B. Shaw*, for the defendants.

Smith, C. J. (after stating the facts). The imputed imperfection in the form of the probate, as we understand, lies in the want of proof of execution by the *feme* bargainor before the private examination was taken, an alleged essential prerequisite thereto, and necessary to the operation of the deed as to her. But for the intervention of the homestead claim, this omission would only leave unimpaired, in her, the contingent right of dower, but would not affect the right to

possession under the deed rightfully executed and proved as the deed of her husband.

The law regulating conveyances of the lands of married women formerly required the execution of the deed by them to be first acknowledged, as also by their husbands, preceding the private examination, to ascertain if it was voluntary and as a free act; and it was held in *Burgess* v. *Wilson*, 2 Dev., 306, that the acknowledgment was an indispensable condition of its efficacy in passing the *feme's* estate.

The statute was afterwards modified, so as to admit proof also, by a subscribing witness, but still, in whatever mode done, it must precede the private examination. Rev. Code, ch. 37, sec. 8; *Sutton* v. *Sutton*, 1 D. & B., 582. Such is the present law—*The Code*, § 1246, subsecs. 4, 5, 6 and 7.

If, *in fact*, the *feme covert's* execution of the deed was proved by the witness, when he proved the execution by other parties, the effect of the failure to permit evidence of the omitted fact would be to invalidate a conveyance made and proved as the law requires, because of an inadvertence in the officer who acted in drawing his certificate. It would be a reflection upon judicial procedure if such results were to follow, and the case admitted of no remedy.

If records and quasi records omit to speak the truth, they should be corrected when they fail to do so, that they may possess, as they import, absolute verity in all their recitals. The cases where such defects are supplied in judicial proceedings are numerous, and scattered through the Reports. *State* v. *Bordeaux*, 93 N. C., 560; *Strickland* v. *Strickland*, 95 N. C., 471; *Perry* v. *Adams*, 83 N. C., 266.

It is true that the certificate, while it retains its form, from the verity attaching to it as such, must be accepted, when it comes up collaterally, and its recitals cannot be disproved nor its omissions supplied by extraneous proof. It may, and should, be itself amended, and made to conform to the truth, in a proper proceeding, and, perhaps, summarily, by motion,

when all necessary parties are present, and when so corrected it speaks from the original date. It may be impeached, however, in an independent action, upon the ground of infancy, notwithstanding the private examination, for this is an incurable defect, unless by subsequent ratification, as held in *Jones* v. *Cohen*, 82 N. C., 75. See also, *Epps* v. *Flowers*, 101 N. C., 158; *Hall* v. *Castleberry*, 101 N. C., 153

But, as we interpret the terms of the submission to the Judge, he was at liberty to hear the testimony and find the facts disclosed by it, and if the certificate was amendable and the imperfections could be thus legally corrected, he should declare the law and proceed to judgment upon the case. Thus understood, there is no error, and the judgment must be affirmed. Affirmed.