MILLS *v.* MCDANIEL.

---

HENRIETTA MILLS v. RAY McDANIEL ET AL.

(Filed 4 December, 1912.)

1. Clerks of Court—Probate—Appeal—Superior Court—Jurisdiction.
   Clerks of the court exercising probate powers are not regarded under our Constitution and statutes as tribunals or officers exercising a separate and independent jurisdiction to that of the Superior Courts, and their judgments and rulings on appeal are very generally subject to the supervision and control of the court.

2. Same—Issues of Fact and Law—Procedure.
   The rulings or decisions of the clerks of the court must be "transferred for trial to the next succeeding term of the Superior Court (Revisal, secs. 78, 114 529, 717), if determinative

issues arise on the pleadings in a procedure where the adversary rights of litigants are presented; and if there be issues of law or material questions of fact decided by the clerk, they may be reviewed by the judge at term or in chambers, on appeal properly taken; and in passing upon these questions of fact, the court may act on the evidence already received, or if this is not satisfactory, it may ordinarily require the production of other evidence as an aid in the proper disposition of the question presented.

**3. Same.**

Upon appeal to the Superior Court from the rulings or decisions of the clerks of the court in matters of probate, very large latitude is allowed in the method of procedure and the extent of the relief which may be afforded by the appellate court, with a view of promoting right decisions.

**4. Same—Evidence.**

An appeal may be taken from the adverse ruling or decision of the clerk of the court in proceedings to establish and declare a proper probate and privy examination to a deed by a *feme covert*, upon the ground that it had been duly taken, but the printed and written form had become detached from the deed in some way and lost or destroyed; and in this case it is *Held* sufficient evidence for the judge to reverse the ruling or decision of the clerk and to sustain the probate, the evidence consisting of entries and *indicia* on the face of the deed, and testimony of the clerk himself, together with that of another witness.

APPEAL by defendant from *Foushee, J.,* at Spring Term, 1912, of RUTHERFORD.

Proceeding to establish and declare the proper probate of a deed, including the privy examination of a *feme covert,* heard on appeal from the clerk of the Superior Court before his Honor, *H. A. Foushee,* judge, at Spring Term of the Superior Court of Rutherford County, 1912.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Hoke.*

*E. J. Justice, J. W. Pless, and York Coleman for plaintiff.*
*R. S. Eaves, and McBrayer, McBrayer & McRorie for defendant.*

HOKE, J. The plaintiff, claiming the land under a deed and mesne conveyances from William Butler and his wife, Myra,

instituted a proceeding before the clerk of the Superior Court
of Rutherford County to establish and declare a proper probate
of said deed, and alleged that this probate and privy examina-
tion had been duly taken, but the printed and written form
showing this had become detached from the deed in some way
and lost or destroyed.

On the original hearing before the clerk there was finding
and adjudication by that officer that no proper probate had ever
been had, and on appeal this finding and adjudication was
affirmed by the Superior Court and again affirmed in this Court
(see case, 155 N. C., 249). Pending a petition to rehear and
on application formally made, another hearing was allowed on
account of newly discovered evidence. And this order having
been properly certified, the clerk again heard the matter and
gave judgment substantially the same as that first rendered by
him. On appeal, this judgment was reversed in the Superior
Court, and the cause is now before us on defendant's appeal.

It was chiefly urged for error by the defendant, stating the
position in his own language, "That the judge of the Superior
Court had no jurisdiction or power to review the finding of the
clerk on the question involved, that is, that no appeal lies from
such finding; the purpose of the motion or proceedings being
to set up or amend the record of the probate court of Ruther-
ford County, of which the clerk is *ex officio* judge," citing the
case of *Perry v. Adams,* 83 N. C., 266, and some others of like
purport. If it be conceded that this is a proceeding to amend
or restore a lost record, defendant's position could not be sus-
tained. Our Constitution and statutes do not now provide or
recognize a probate court or probate judge as a tribunal or
officer exercising a separate and independent jurisdiction.
Under the law as it now exists with us, these matters of probate
are chiefly referred to the clerks of the Superior Court and the
judgments and rulings of these officers are on appeal very gen-
erally subject to the supervision and control of the court, either
in chambers or in term. If determinative issues arise on the
pleadings in a procedure where the adversary rights of litigants
are ordinarily presented, such issues must be "transferred for
trial to the next succeeding term of the Superior Court" (Re-

visal, secs. 78, 114, 529, and 717), and if there be issues of law or material questions of fact decided, these may be reviewed by the judge at term or in chambers on appeal properly taken, and in passing upon these questions of fact the court may act on the evidence already received, or if this is not satisfactory, it may ordinarily require the production of other evidence as an aid to the proper disposition of the questions presented. With the view of promoting right decisions very large latitude is allowed in the method of procedure and the extent of the relief which may be afforded by the appellate court, a position supported by authoritative decisions and which is in accord with the policy and express provisions of our statutes on the subject. *In re Battle,* 158 N. C., 389; *Williams v. Dunn,* 158 N. C., 399; *Tayloe v. Carrow,* 156 N. C., 6; *Beckwith et al., ex parte,* .124 N. C., 111; *Wynne v. Small,* 102 N. C., 133; *James v. Spencer,* 95 N. C., 271; Revisal 1905, secs. 610, 611, 612, 613, 614.

The case of *Perry v. Adams, supra,* and other cases of like kind, relied upon by defendants, were appeals to the Supreme Court on questions involving the exercise of discretionary powers of the lower court, and were made to depend chiefly on the constitutional provision restricting the appellate powers of this Court to "matters of law or legal inference," and have no application to appeals from orders and judgments of the clerk to the judge in chambers or the Superior Court in term. *Bagley v. Wood,* 34 N. C., 90.

It was further contended, "That the evidence is insufficient to support the finding that the privy examination of Myra Butler was properly taken," but if such a position were open to defendants, the facts in evidence are entirely against them. The entries and *indicia* on the face of the deed, the direct evidence of the clerk who acted in the premises, and the additional and supporting testimony of the witness Wooten, afford convincing evidence of the privy examination of the *feme covert,* and fully justify the action of his Honor in finding that the deed was correctly and properly proven as to both the grantors.

We find no error in the record, and the judgment of the Superior Court must be affirmed.

Affirmed.