W. M. KNIGHT v. VINCENNES BRIDGE COMPANY.

(Filed 9 November, 1916.)

**1. Release—Contracts—Consideration—Fraud.**

A receipt given by one who claims damages for a personal injury
alleged to have been caused by the negligence of another, for a valuable
consideration, and which in legal effect is a release not under seal, is a
complete defense in his action to recover such damages, when it has not
been procured by fraud and undue influence.

**2. Same—Evidence—Burden of Proof.**

The parties to a release from liability arising from a personal injury
alleged negligently to have been inflicted may agree upon the considera-
tion to be paid, and when the execution of the paper for the considera-
tion is shown by the defendant in the action to recover damages, the
burden is then on the plaintiff, where fraud is alleged, to prove the fraud
or inadequacy of consideration, etc., when they are relied upon. The
distinction.between a consideration which will support a contract affect-
ing only the parties and such as will affect creditors, etc., pointed out
by ALLEN, J.

**3. Release — Contracts — Consideration — Evidence — Inadequacy — Fraud —
Trials—Questions for Jury.**

The matter of inadequacy of consideration paid for a release from lia-
bility is one to be considered and passed upon by the jury, with other
evidence of fraud relied on to set it aside; and while gross inadequacy
may alone be sufficient upon this issue, it may not, as a matter of law,
be declared to avoid the instrument.

**4. Instructions—Expression of Opinion—Statutes.**

> In an action to recover damages for a personal injury, where a release is set up in defense, which the plaintiff attacks for fraud, involving the question of gross inadequacy of consideration, and there is evidence tending to show that defendant paid the plaintiff $7, and also $10 to his doctors, a charge which confines the inquiry before the jury to a consideration of $7 is an expression of opinion on the evidence forbidden by the statute.

CIVIL ACTION tried before *Webb, J.*, at March Term, 1916, of FORSYTH.

This is an action to recover damages, caused, as the plaintiff alleges, by the negligence of the defendant.

The defendant denies negligence, and pleads a release as a defense.

The evidence of the plaintiff tended to prove that he was in the employment of the defendant company as a laborer at a wage of $2.50 per day, and when injured was engaged in helping in the construction of a steel bridge over the Yadkin River in Forsyth County. The bridge consisted of eight spans. On the day the plaintiff began working for the defendant, the defendant was building a scaffold on nine poles, 25 or 30 feet long, resting on soft ground or made earth, a good distance from the river, at the fifth or sixth span beginning on the Forsyth side of the river. There were stringers on top of the poles and steel on top of that. The scaffold rested on four poles and on the scaffold were floor beams weighing 1,100 pounds each, about sixteen eye-beams weighing 300 pounds each, a lot of flooring and planks 6 inches wide and 3 inches thick, some heavy green timber, a concrete mixer made of steel, cast iron, and tin, weighing about 3,000 pounds. They were also hauling rock on the scaffold with a little dump cart, and four or five men were on the bridge when it fell. The plaintiff, together with a colaborer, one Charley Sheets, who was killed in the fall, were moving the concrete mixer at the time the scaffold gave way. The false work sank into the earth, the poles went down far enough to break the span, throwing the plaintiff and others down on the frozen ground near the creek about 100 feet or more from the edge of the river. The plaintiff's shoulder, as he fell, struck against some timber as he fell between two pine poles, one of the 300-pound beams fell upon him, striking his foot, and driving it into the frozen ground. Plaintiff remained in this condition until help arrived, and the timbers and beam were pulled off of him. Plaintiff's side was cut and a hole was cut in his head. Plaintiff was 35 years old and his regular occupation was that of a steel worker, for which he had been receiving from 56½ to 62½ cents per hour, but was working for the defendant company at the rate of $2.50 per day until he could secure work as a steel worker. As a result of the injuries sustained by the fall of the scaffolding the

plaintiff lost time, has been laid off from work a number of times, suffers from his injured leg, suffers pains in his head, and gets dizzy when he goes up high on buildings when engaged in steel work, and shortly after the injury he tried to pass a railroad examination, but could not pass the examination on account of his eyes, although he had passed such an examination prior to the injury.

The defendant introduced evidence in rebuttal, and among other things a receipt acknowledging the payment of $7 in full of the plaintiff's claim for damages.

It also introduced evidence tending to prove that it was not negligent, and that the injuries of the plaintiff were less serious than he contended; that he was not under the influence of whiskey when he executed the receipt or release; that he had then quit the employment of the defendant; that there was no fraud, and that it paid the doctor's bill of $10 for the plaintiff in addition to the $7 acknowledged to have been paid.

The plaintiff, in reply, offered evidence tending to prove that he was drinking at the time the receipt was signed; that he had gone to the agents of the defendant for a settlement for his labor; that the money paid him was for labor; and that he thought he was signing a pay-roll. He also relied on inadequacy of consideration as evidence of fraud.

His Honor charged the jury, among other things, as follows: "In passing upon that second issue, the court charges you that upon the question of whether or not the consideration set forth in the paper-writing was an adequate consideration, the burden of that is on the defendant company to satisfy you by the greater weight of the evidence that the consideration was an adequate consideration." Defendant excepted.

"If you find from this testimony, by the greater weight, that the plaintiff was injured, and if you find by the greater weight of the testimony that he was injured in the way and manner he says he was injured, and find that he suffered greatly in the way and manner which he says he suffered; if you find that to be the fact, then you will ask yourselves the question, 'Was $7 in payment of that injury an adequate consideration, or was it inadequate consideration, or was it so gross that it would shock the sense of the ordinary man, shock his conscience, and make him say that really the defendant company paid nothing?' If it did so, the law says that's a fraud, and you may consider these matters in passing upon that question—that issue as to fraud." Defendant excepted.

The jury returned the following verdict:

1. Did the plaintiff execute the paper-writing as alleged by the defendant in its answer? Answer: "Yes."

2. If said paper-writing was executed and delivered as alleged in the answer, was the same procured by fraud or undue influence of the defendant, as alleged by the plaintiff? Answer: "Yes."

3. Was there a valuable consideration paid by the defendant to the plaintiff in consideration of the execution of the said paper-writing? Answer: "No."

4. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: "Yes."

5. What damage has plaintiff sustained? Answer: "$200."

Judgment was entered upon the verdict in favor of the plaintiff, and the defendant appealed.

*Wallace & Walls and Holton & Holton for plaintiff.*
*Manly, Hendren & Womble for defendant.*

ALLEN, J. The receipt introduced by the defendant, which is in legal effect a release not under seal, is a complete defense and bar to the cause of action of the plaintiff, if supported by a valuable consideration, and not procured by fraud and undue influence.

The burden was, in the first instance, on the defendant to prove a valuable consideration (*King v. R. R.,* 157 N. C., 52), and this it did when it proved the execution of the receipt by the plaintiff, acknowledging the payment to him of $7 in full of his claim for damages, because, in the absence of fraud, undue influence, or oppression, parties capable of contracting have the same right to agree upon the consideration as upon any other term of the contract, and "the value of all things contracted for is measured by the appetites of the contractors." 6 R. C. L., 678.

When the defendant proved the execution of the receipt, with the acknowledgment of the payment of $7, it established its defense, nothing else appearing, and the burden was then on the plaintiff to attack the receipt or release by proving fraud; and if he relied on inadequacy of consideration, gross or otherwise, as a circumstance on the issue of fraud, he assumed the burden of proving this circumstance.

It follows that it was error to charge the jury that the burden was on the defendant to prove that the consideration for the release was adequate, which he did twice.

Much of the confusion in regard to consideration arises from failure to note the distinction between the consideration which will support a contract, which only affects the parties, and a purchaser for value as against creditors and purchasers.

The difference between the two is clearly stated by *Ruffin, C. J.,* in *Fullenwider v. Roberts,* 20 N. C., 278. He says: "The opinion of his

Honor as to the effect of inadequacy of price was, probably, drawn from the doctrine that an agreement cannot be set aside as between the parties merely for that cause. But the reason of that is that if one will, without imposition, distress, or undue advantage, make a bad bargain with his eyes open, *he* must stand to it. His agreement is sufficient, because his interests alone are affected by it. The cases of his creditors, however, or persons claiming under a previous conveyance from him, admit a very different consideration. They fall within *Lord Hardwick's* fourth class of cases in *Chesterfield v. Jansen*—that of a fraud and imposition on third persons, not parties to the agreement. To the complaint of such third person it cannot be replied that he cannot call the consideration petty and inadequate, because he had assented to it. As against creditors and prior donees, the price must be sufficient in itself to sustain the deed, without the aid of their acceptance; for no such acceptance exists. Then it is to be inquired, What price will put the statute in operation, or what inadequacy will prevent its operation? We think that a *fair* and *reasonable* price, according to the common mode of dealing between buyers and sellers, was meant by the Legislature; and that at all events no case is within the statute in which the purchaser cannot with a good conscience claim to hold the estate upon the ground and for the sake of the price paid, and not merely upon the score of the vendor's agreement."

It was also error to charge the jury that if the consideration was "so gross that it would shock the sense of the ordinary man, shock his conscience, and make him say really the defendant paid nothing," the law would declare it a fraud.

The controlling principle etablished by our authorities is that inadequacy of consideration is a circumstance to be considered on the issue of fraud, and that if it is so gross that it would cause one to say that nothing was paid, it would be sufficient to be submitted to the jury without other evidence; but we have not said that a contract could be set aside as matter of law because of gross inadequacy.

In *Perry v. Ins. Co.,* 137 N. C., 407, the following charge was approved: "If the award is so grossly and palpably inadequate, that is, so grossly and palpably small and out of proportion to the amount of actual damage as to shock the moral sense and conscience and to cause reasonable persons to say he got it for nothing, then the jury may consider this as evidence tending to show fraud and corruption or strong bias and partiality on the part of the arbitrators"; and the Court said in *Leonard v. Power Co.,* 155 N. C., 16: "The settled rule, which is applicable not only to awards but to other transactions, is that mere inadequacy alone is not sufficient to set aside the award, but if the inadequacy be so gross and palpable as to shock the moral sense, it is

sufficient evidence to be submitted to the jury on the issue relating to fraud and corruption or partiality and bias"; and in *King v. R. R.,* 157 N. C., 65 : "When due weight is given to these matters, and there is evidence that the consideration is inadequate, it is a circumstance which, in connection with other circumstances, may be submitted to the jury, and if grossly inadequate it alone is sufficient to carry the question of fraud or undue influence to the jury"; and these cases were approved in *Causey v. R. R.,* 166 N. C., 5.

The rule amounts to this: The owner of tangible property or of a claim for damages may give it away or may sell it for less than its value, and the contract is valid in the absence of fraud, undue influence, or oppression; but if the contract is attacked as fraudulent, the inadequacy of consideration is evidence of fraud, and if gross, is alone sufficient to carry the case to the jury on the issue of fraud.

This part of the charge is also objectionable as an expression of opinion that the only consideration paid by the defendant was $7 when the defendant offered evidence tending to prove that it paid the doctor's bill of the plaintiff, amounting to $10, in addition to the $7.

New trial.