HENRIETTA FORBES ET AL. v. W. B. HARRISON ET AL.

(Filed 3 June, 1921.)

1. **Deeds and Conveyances—Fraud—Evidence—Consideration.**

Where the plaintiff seeks to set aside her deed given to the defendant upon an issue of fraud, relying upon the gross inadequacy of price as evidence thereof, the question of value, upon the evidence, is a question for the determination of the jury; and in this case, *Held,* the difference of value contended for by plaintiff was not so inadequate as to have been sufficient of itself, upon the issue:

2. **Instructions—Requests—Substance—Prejudice.**

Giving requested instructions in substance and with slight changes not prejudicial to the plaintiff, cannot be held as error.

3. **Deeds and Conveyances—Fraud—Knowledge of Facts.**

Where the beneficiary has full knowledge of the facts which he claims were not revealed to him by his fiduciary and alleged as fraud in a trans-

action which the fiduciary has induced, it becomes immaterial as to whether the latter revealed them to him or not, as if revealed, he would have had no better knowledge of them.

**4. Deeds and Conveyances—Fraud—Verdict—Instructions.**

A deed made by the beneficiary to his trustee will not be set aside for fraud on appeal, when, upon the evidence and correct instructions as to the law, the jury has found that the transaction between the parties was in every way fair and aboveboard, the consideration adequate, and no advantage taken by the fiduciary.

**5. Courts— Discretion— Trials— Remarks of Counsel— Statutes—Arguments—Jury.**

It is not error for the trial judge, in his discretion, to stop an attorney from reading the facts from an opinion in a related case, which would have the effect of unduly prejudicing the consideration of the jury upon the evidence, and confining him strictly to the law, where the attorney was exceeding his privilege and when there was no restriction as to his arguing the law to the jury upon the facts, and especially when the court subsequently charged them accurately and impartially thereon, following the decision in the case from which the attorney proposed to read.

**6. Deeds and Conveyances—Married Women—Privy Examination—Probate.**

The privy examination of a married woman is not invalid merely because her husband was in the same room with her at the time, when the room was sufficient in size to permit her to act separate and apart from and without any fear or compulsion of him, and her consent was given in accordance with the requirements of the law.

STACY, J., dissenting.

APPEAL by plaintiff from *Calvert, J.,* at the November Term, 1920, of CAMDEN.

On 12 September, 1917, John G. Gray died domiciled in Camden County, and intestate, leaving an estate of land and personal property worth, as defendants contended, about $12,000. Defendant Harrison qualified as administrator. About 20 September, the defendants approached the plaintiffs and asked them what they would take for their interest in the estate. Plaintiffs asked about the personal property, and were told there were two notes of $800 each and $600 in cash. The plaintiffs knew as much as, or more than, the defendants about the other personal property, which did not amount to more than $200. The plaintiffs had lived on part of the land for several years, and had cultivated it before the death of Gray, and knew the other tracts. They conferred and agreed to take $3,000 for their interest in the estate, and agreed with defendants to give them time to arrange about getting the money. When they separated it was agreed that as soon as arrangements were made for the money, defendants would notify plaintiffs, which they did in about a week. The plaintiffs then went to the home

FORBES *v.* HARRISON.

of defendant Gregory and remained all night, and next day, 20 September, went to the courthouse, had a deed drawn and executed, and deposited with the register of deeds, and then went to Elizabeth City to get the money. They failed to get it, but went back next day and received the $3,000.

The deed was acknowledged before W. M. Forbes, justice of the peace, who was also register of deeds. It seems that the husband of the *feme* plaintiff was not out of the room at the time the deed was acknowledged, but the room was of a good size, 16 x 16 feet, and the husband was in the opposite corner, he and wife having their backs turned to each other. The *feme* plaintiff testified that she signed the deed of her own free will and accord, without fear or compulsion of any one, and that she intended it as a deed conveying all her interest in the estate of John G. Gray, for $3,000. The defendants contended that the estate was not worth at the time of purchase over $12,000, and the plaintiffs that their interest conveyed by them was worth $4,000 or $5,000. The plaintiffs charged that the deed to the defendants was obtained by fraud.

John G. Gray left surviving him, as his heirs at law, a sister, Mrs. Susan Harrison, mother of defendants, and Mrs. Henrietta Forbes and her mother, and A. B. Bell, who were the children and heirs at law of G. G. Bell, half-brother of John G. Gray. This made plaintiff, Henrietta Forbes, the owner of an undivided one-fourth of the estate. At the time he qualified as administrator (17 September), defendant Harrison filed an affidavit in which he valued the personal estate at $1,300.

Two issues were submitted to the jury, as follows:

"1. Was the paper-writing in form of a deed from plaintiffs to defendants, dated 20 September, 1917, and recorded in Deed Book 10, page 276, obtained from plaintiffs by fraud of the defendants, or either of them, as alleged? Answer: 'No.'

"2. Was the private examination of Henrietta Forbes to said paper-writing, in the form of a deed, taken as required by law? Answer: 'Yes.' "

The court gave full instructions to the jury upon all the questions at issue, and they returned a verdict for defendants as above. Judgment on the verdict, and plaintiffs appealed.

*Ehringhaus & Small and D. H. Tillett for plaintiffs.*
*Aydlett & Simpson for defendants.*

WALKER, J. There was sharp controversy between the parties as to the value of the estate in question, but that was a matter for the jury, which was properly submitted to them. We cannot agree that, though there was a difference in the value, the price given for the property was

so grossly inadequate as to shock the conscience of men and induce them to exclaim, "Why he got it for nothing." His Honor submitted the question of inadequacy of the price to the jury correctly, and gave to the plaintiffs the benefit of every principle of law to which they were entitled. This price was no more grossly inadequate than was that in *Carman v. Page,* 59 N. C., 37. And, besides, the jury may have found that there was no such discrepancy between price and value, as claimed by the plaintiff, and it is likely they did so, and they may also have found that plaintiffs had all the knowledge they needed, as to the value of the lands, for their own protection and for their dealing with the defendants "at arms length." *Knight v. Bridge Co.,* 172 N. C., 393, is not applicable to the extent contended by the plaintiffs' counsel. But the consideration here, as we have said, is not even gross, and that of itself is sufficient to distinguish the two cases.

Taking up the special prayers for instructions, we may say that a careful reading and analysis of the charge convinces us that his Honor fully responded to these instructions, and, at least, it was substantially done. The slight changes were immaterial, and in no degree weakened the force of the prayers. When speaking of the presumption of fraud arising from the fiduciary relation and inadequacy of price, the judge stated that in such a case the law raised a presumption of fraud in procuring the deed, and then added, "and will set it aside." We cannot possibly see how this prejudiced the plaintiffs. It rather was in their favor, as showing with what disfavor the law regarded such a transaction.

As to the other amendment to the prayers, it certainly cannot be contended, with any hope of success, that a man need be told what he already knows. The law only requires that he have full knowledge of the material facts, and if he has this, it can plainly make no difference how he acquires it. But the fiduciary must be sure that he has it, in one way or another.

Under the evidence and charge, the jury have evidently found that plaintiffs had such knowledge, and that the transaction between them and the defendants was in every way fair and aboveboard, that the consideration was adequate and that no advantage was taken by the defendants. This satisfies the rule. *McLeod v. Bullard,* 84 N. C., 516; *Cole v. Boyd,* 175 N. C., at p. 558. The consideration being fair, and there being no oppression, the jury have expressly found that the sale was free from fraud. Nothing, therefore, can impair the validity of this sale.

There is one more question: Counsel for plaintiffs attempted to read a portion of this Court's opinion in *Bell v. Harrison,* 179 N. C., 190, when, at the instance of the defendants' counsel, he was stopped by the court, which was evidently of the opinion that the portion read by plain-

tiffs' counsel might prejudice defendants upon the findings of fact, and would not be confined strictly to the law. The two cases grew out of the same administration, and there was grave danger of prejudicing the defendants upon the facts, if counsel was allowed to read the part of the opinion and case proposed to be read by him. There was not the least restriction of his right to argue the law to the jury, and to use the opinion in doing so, and we think his Honor properly exercised his discretion in preventing injustice to the defendants, without curtailing counsel's privilege under the statute to argue the law. Besides, the judge charged the law fully and correctly to the jury in accordance with that case, and if any technical error was committed it worked no harm.

The private examination of the married woman was properly taken. While the husband was in the room when it was taken, this did not invalidate it, as it appears that he was so far away that his presence in the room did not prevent her from expressing her will and desire in the matter to the clerk without the slightest restraint, but with perfect freedom. *Hall v. Castlebury,* 101 N. C., 153, fully sustains the probate of the deed.

The case was correctly and impartially tried, and plaintiffs have no sufficient ground of complaint.

No error.

STACY, J., dissenting.