Battle, J.
 

 The first exception taken by the defendant to the propriety of his conviction, cannot be sustained. The two counts in the indictment were very properly inserted, and it would have been strange had the Court been bound, upon the (defendant’s motion, to have had one of them stricken out, or what was the same in effect, to have compelled the Solicitor t* confine his testimony to one of them only. The other exception is well founded, as the question, which the defendant’s counsel, upon the cross-examination, proposed to ask the witness, Hall, was admissible within the rule of practice established by the cases of State v. Patterson, 2 Ired. 346, and State v. Garrett, Busb. Rep. 357. The object was, as the counsel stated, to discredit the witness, cither by his admitting that ho had sworn falsely, or by his refusing to answer, and, in that view, the question certainly was not irrelevant; for the credibility of a witness, whose testimony is material to the issue on trial, can never be immaterial or irrelevant. If the witness had been asked, whether he had or had not committed perjury, in swearing to an affidavit, in this State, lie certainly would have been protected
 
 from
 
 answering what might have exposed him to a
 
 *528
 
 criminal prosecution in our Courts, and, in such a case, we are inclined to think that the question ought not to be allowed tobe put at all. But our Courts, in administering justice among their suitors, will not notice the criminal laws of another State or country, so far as to protect a witness from being asked whether he had not violated them. We are of the opinion, therefore, that the question was improperly ruled out, and that the defendant is entitled to the benefit of another trial. This opinion will be certified to the Superior Court of law for the county of Rowan, to the end that the judgment may be reversed, and a
 
 venire de novo
 
 awarded.
 

 Judgment reversed.