## STATE v. ROBERT S. CONNER.

(Filed 9 May, 1956.)

**1. Criminal Law § 81c(3)—**

Defendant's confession and testimony at the trial were to the effect that he fired his pistol, fatally wounding deceased, while robbing deceased's store.   *Held:* The admission in evidence of a bullet of the same caliber found in the store more than a month after the commission of the offense and testimony as to abrasion on the wall near where the bullet was found, with photographs of the abrasion for the purpose of illustrating the testimony, is not prejudicial.

**2. Criminal Law § 42c—**

Questions asked by the solicitor on cross-examination of the defendant as to defendant's participation in other specific crimes of a kindred nature, most of which were admitted by defendant, will not be *held* for prejudicial error when the questions appear to have been based upon information and to have been asked in good faith.

**3. Criminal Law § 50f—**

   The argument of the solicitor as to the manner in which the offense was committed *held* to have a legitimate basis in the evidence, and defendant's assignment of error thereto cannot be sustained.

**4. Criminal Law § 53n—**

   A charge to the effect that the jury should not base its verdict on sympathy will not be *held* prejudicial when such statement relates to the portion of the charge that the verdict should speak the truth and not be based on prejudice or sympathy, and is entirely disconnected from the later portion of the charge wherein the court correctly instructed the jury as to its right to recommend life imprisonment if they should find defendant guilty of the capital offense.

APPEAL by defendant from *Johnston, J.*, at 5 September, 1955 Term of FORSYTH.

Criminal prosecution upon a bill of indictment charging "that Robert S. Connor, late of Forsyth County, on the 24 day of May, A.D. 1954, with force and arms, at and in the aforesaid county, did unlawfully, willfully, feloniously, deliberately, premeditatedly, and of his malice aforethought, did kill and murder Langston B. Roberts, while in the perpetration of a felony, to wit, the crime of robbery, contrary to the form of the statute . . .," etc.

Plea: Not guilty.

Thereafter defendant was placed upon trial, and tried at 12 July, 1954 Term, of Superior Court of Forsyth County. There was a verdict of guilty of murder in the first degree without recommendation of life imprisonment, pursuant to which judgment of death by asphyxiation was pronounced, from which defendant appealed to the Supreme Court. And on such appeal for error committed in the course of the trial in Superior Court, a new trial was granted. See opinion in 241 N.C. 468, 85 S.E. 2d 584.

Upon re-trial at the 5 September, 1955 Term, of the Superior Court of Forsyth County, pursuant to the order of the Supreme Court, the State offered evidence, including evidence of confession by defendant, tending to show that on morning of 24 May, 1954, about 7:30 o'clock, defendant, armed with a .38 pistol, went to the Third Street Grocery, a store operated by Langston Roberts, a colored man, in Winston-Salem, N. C., for the purpose of robbing Roberts, and that in the act of robbing him defendant intentionally fired the pistol, inflicting upon Roberts a mortal wound, from which he died in a short time thereafter.

And defendant, as a witness in behalf of himself, testified in detail to substantially the same state of facts as those which the evidence offered by the State tends to show.

The case was submitted to the jury upon the evidence offered, and under the instruction of the court.

(Further recital of the evidence is deemed unnecessary, since defendant made no motion for judgment as of nonsuit. Pertinent portions of the evidence will be related in considering matters to which exceptions are taken, and assigned as error.)

Verdict: Guilty of murder in the first degree as charged in the bill of indictment.

Judgment: Death by inhalation of lethal gas in the manner provided by law.

Defendant excepts thereto and appeals therefrom to Supreme Court, and assigns error.

*Attorney-General Rodman and Assistant Attorney-General Bruton for the State.*

*Oren W. McClain and Philip E. Lucas for defendant, appellant.*

WINBORNE, J. Defendant presents for consideration five assignments of error based upon exceptions taken in the course of the re-trial in Superior Court. A careful consideration of each of the assignments fails to show error for which the judgment from which defendant appeals should be disturbed.

The first assignment of error is that the trial court erred in allowing a police officer to testify, over objection by defendant, as to the discovery of a bullet on the west side of the store at the end of the meat counter, a month and a half or two months after the commission of the alleged crime, and in allowing, over objection, the introduction of the bullet into evidence as shown by Exceptions 1, 5, 6 and 8.

The evidence offered by the State tends to show that defendant confessed to the officers, and admitted on the trial, he shot Roberts twice in the store at the place of the robbery. And the evidence offered by the State tends to show that the bullet so found in the store had been shot out of the .38 pistol with which defendant admitted he shot Roberts. Whether the conditions in the store at the time the bullet was found were the same as at the time of the crime seems to be immaterial.

The second assignment of error is that the trial court erred in allowing police officer to testify, over objection of defendant, as to an unidentified abrasion on the wall near where the bullet, to which the exceptions on the first assignment of error relates, was so found, and in allowing, over objection of defendant, the introduction in evidence of photographs showing an arrow pointing to said abrasion as shown by Exceptions 2, 2a, 3, 4 and 7. The record discloses that the photographs

were admitted in evidence for the purpose of illustrating the testimony of the witnesses in the case, under appropriate instruction to the jury. For this purpose the photographs were competent. Moreover, whether the abrasion was made by a bullet shot from a pistol, and whether it was made by a bullet shot from the .38 pistol defendant admits he used in shooting Roberts in another part of the store, are immaterial matters and harmless.

The third assignment of error is that the trial court erred in allowing the Solicitor, on cross-examination, to question defendant as to his participation in specific crimes, as shown by Exceptions 9, 10, 11, 12 and 13. Counsel for defendant direct attention to stenographic report of the cross-examination by consent of the Solicitor.

Nevertheless it does not appear that the Solicitor exceeded the bounds of legitimate practice in asking defendant as to his various infractions of the law, enumerated in the case on appeal. See *S. v. Broom,* 222 N.C. 324, 22 S.E. 2d 926; *S. v. Neal,* 222 N.C. 546, 23 S.E. 2d 911, and numerous other cases.

In the *Neal case,* just cited, in opinion by *Devin, J.,* it is stated: "It has been uniformly held . . . that witnesses may be asked questions tending to show the commission of other offenses for the purpose of impeaching their credibility, provided the questions are based on information and asked in good faith . . . and that whether the cross-examination goes too far or is unfair is a matter for the determination of the trial judge, and rests largely in his sound discretion," citing cases.

The questions asked in the case in hand are in the main of a kindred nature to the offense in which defendant was engaged when he shot Roberts, and appear to have been based upon information and to have been asked in good faith, in that defendant admitted most of the impeaching questions. The case is distinguishable in factual situation from *S. v. Phillips,* 240 N.C. 516, 82 S.E. 2d 762.

The fourth assignment of error is that the trial court erred in allowing the Solicitor to argue to the jury, over objection of defendant, that the shooting took place in a manner which was not supported by any competent evidence, as shown by Exception 14. It is contended that the Solicitor argued to the jury that the defendant probably marched the deceased to the back of the store and shot him.

In the light of the evidence this argument appears to have a legitimate basis. The case on appeal discloses that Estelle Wright, witness for the State, testified that she lives on the northeast corner of Third Street, across the street from Roberts' store, and that on the morning of 24 May, 1954, she heard shots or sounds like pistol shots. "I heard three . . . about 7:35 in the morning," in her language.

And defendant gave this narrative: That when the two children came out of the store "then I went in. And . . . I did ask for the chewing gum. I went in there with the intention to rob him and he turned around . . . and I told him this was a stick-up . . . after he turned around, we were standing just probably about a step or two from the cash register, which . . . was open . . . He started to reach under the counter,—that is, Mr. Roberts . . . and I asked him to get away from the counter. He would not do it. I took my left hand and I pushed him away from the counter, . . . he grabbed my right arm. That is the hand I had the gun in . . . and me and him—I was trying to get loose from him . . . As we scuffled the first shot went off and he still had hold of me, and as we stood there I fired the next shot . . . I didn't know at the time that either shot had hit him. As he stood there a moment against the counter, and then he began to walk back from this place . . . As he walked back, I stood there just a moment and then I walked toward him, and he had then turned and went there about the meat block, and he laid his hand on that meat block and made a peculiar groan; that is when I left. He slumped over. The gun was pointed down the whole time . . . I went out. I do remember taking the money . . ."

The fifth assignment of error is that the trial judge erred in instructing the jury to the effect that its verdict should not be based on sympathy, as shown by Exception 15.

It appears that the court, early in the charge, and after telling the jury that it is the province of the jury to determine what the truth is and what the facts are, allowing the verdict, in so far as it is humanly possible, to speak the truth, stated to the jury: "It is your duty to return a verdict that does speak the truth, members of the jury, and not one based on some prejudice or some sympathy that might arise in the case." The exception is to quoted sentence.

In this connection the case on appeal clearly shows that this portion of the charge is wholly disconnected from later portion of the charge wherein the court instructed the jury in respect to the various verdicts that might be returned. In respect to the unbridled right of the jury to return a verdict of guilty of murder in the first degree, with recommendation that his punishment be imprisonment for life, the instruction of the court is explicit, and understandable, and fully in accord with the opinion of this Court on the former appeal in this case (241 N.C. 468, 85 S.E. 2d 584).

Furthermore, careful examination of the record in the case indicates that the trial below was conducted in accordance with the usual practice and procedure. And the Supreme Court finds no error in the trial.

No error.