STATE OF NORTH CAROLINA v. NOLEN HEARD.

(Filed 14 October, 1964.)

**Criminal Law § 165½—**

> Upon defendant's denial on cross-examination that he had been convicted of shoplifting, defendant's counsel moved for mistrial on the ground that the solicitor had no basis for the question. The next day the court stated that it appeared that defendant had been charged with shoplifting but had been acquitted by a jury, and the court found as a fact that the question regarding his guilt had been made in good faith by the solicitor. *Held:* Any prejudice resulting to defendant from the remarks of the court was invited by defendant's counsel, and defendant is not entitled to a new trial therefor.

APPEAL by defendant from *Clarkson, J.,* February 1964 Criminal Session of GASTON.

Criminal prosecution on an indictment charging defendant with assaulting Edna Reid with a deadly weapon, to wit, a shotgun, with intent to kill, and with inflicting upon her serious injury not resulting in death. G.S. 14-32.

Plea: Not Guilty. Verdict: Guilty of Assault with a deadly weapon. From a judgment of imprisonment defendant appeals.

*Attorney General T. W. Bruton and Assistant Attorney General James F. Bullock for the State.*

*Frank P. Cooke for the defendant appellant.*

PER CURIAM. On Christmas morning 1963 defendant shot Edna Reid in her home with a shotgun inflicting a wound which caused the amputation of her right arm.

Defendant has brought forward and discussed in his brief two assignments of error. He first assigns as error that the prosecutrix Edna Reid was permitted by the court, over his objections, to testify to this effect: Defendant said nothing to her at the time he shot her, but that two weeks before he shot her he told her he was going to kill her. This evidence of threats was competent and properly admitted in evidence. *S. v. Church,* 231 N.C. 39, 55 S.E. 2d 792; *S. v. Shook,* 224 N.C. 728, 32 S.E. 2d 329; Stansbury, N. C. Evidence, § 162a.

The solicitor for the State asked the defendant, who had voluntarily become a witness for himself, if he had been convicted of shoplifting on 19 March 1963 in Charlotte. Defendant did not object to the question. He replied: "No sir, I wasn't." It was proper for the solicitor to ask him this question for the purpose of impeaching him, provided the question was based on information and asked in good faith. *S. v. Sheffield,* 251

N.C. 309, 111 S.E. 2d 195; Strong's N. C. Index, Vol. I, Criminal Law, § 80, pp. 746-7. Defendant's answer was conclusive, and if there had been a record of conviction, the State could not introduce it in evidence to contradict him. *S. v. King,* 224 N.C. 329, 30 S.E. 2d 230; Stansbury, N. C. Evidence, 2d Ed. § 112. After defendant had answered the question, defendant's counsel moved for a mistrial, stating to the court that the solicitor "had no foundation" for the question asked. The solicitor replied: "I certainly have." At this point in the trial the court excused the jury until the next day.

In the absence of the jury the court asked the solicitor what was the basis of his question. He replied: "The record from Mecklenburg County." Whereupon, the court asked him if he had a certified copy of it, and the solicitor replied he had not: "We have it from the rural police of Charlotte, records they keep, and also from the city." Counsel for defendant insisted that he wanted the court record, and said: "I'll get a subpoena, Judge."

The next morning in the presence of the jury, the court made this statement to the jury: "It appearing to the Court that the defendant was charged with shoplifting in Mecklenburg County and was acquitted by a Jury of the Superior Court of Mecklenburg County. The Court finds as a fact that the question regarding this conviction was based on information and asked in good faith by the Solicitor. The Court further instructs the Jury that they will disregard the question and erase the matter from their minds, based on the information that the defendant was acquitted in Mecklenburg County. And the Court DENIES THE MOTION FOR A MISTRIAL."

Defendant assigns as error the denial of his motion for a mistrial. Defendant makes this contention: "The statements made later to the Jury by his Honor underscored the fact in the minds of the jury that the defendant had been charged, and had been tried for shoplifting, which is a reflection involving moral turpitude, and that even though a jury acquitted him, the fact remains that he may have been guilty, but by the grace of the jury was acquitted. It is the position of the defendant that this was highly prejudicial to him and inflamed the jury against him."

The record is crystal clear that defendant's counsel, not satisfied with defendant's reply that he had not been convicted of shoplifting, which was binding on the State, was solely responsible for the production in court of the record of defendant's trial and acquittal in the superior court of Mecklenburg County on the charge of shoplifting. If the court's remarks "underscored the fact" that defendant had been tried and acquitted on the charge of shoplifting, defendant's counsel caused

it. If there was technical error, which under the circumstances we do not concede, defendant's counsel alone precipitated it and invited it. No prejudicial error is made to appear, because the court record and the judge's remarks merely confirmed the truth of defendant's reply that he had not been convicted of shoplifting. The court properly denied defendant's motion for a new trial.

No sufficient reason appears to warrant disturbing the verdict and judgment below. All defendant's assignments of error are overruled.

No error.