STATE OF NORTH CAROLINA v. BERNARD GAITEN

No. 12

(Filed 14 October 1970)

1. **Constitutional Law § 31— right of confrontation and cross-examination — N. C. Constitution**

"The law of the land" guaranteed by Article I, Section 17 of the North Carolina Constitution, synonymous with "due process," preserves the right of confrontation and cross-examination to an accused in a criminal action.

2. **Criminal Law § 88— cross-examination as to prior inconsistent statements or acts**

By cross-examination a witness may be questioned as to prior inconsistent statements or as to any act inconsistent with his testimony in order to impeach him or cast doubt upon his credibility.

3. **Constitutional Law § 37— waiver of statutory or constitutional rights**

A defendant may waive the benefit of statutory or constitutional provisions by express consent, failure to assert it in apt time, or by conduct inconsistent with a purpose to insist upon it.

4. **Constitutional Law § 31— right of confrontation and cross-examination — statement by court that testimony was irrelevant**

In this common law robbery prosecution, defendant was not denied the right of confrontation and the right of cross-examination as to prior inconsistent statements when the trial judge, in the absence of the jury, stated that testimony concerning another person presumably involved in another criminal charge was "irrelevant to the issue here."

5. **Constitutional Law § 31; Criminal Law § 66— identification procedure — excusing jury to determine if defendant desires voir dire**

Defendant's constitutional rights were not impaired when the trial court excused the jury to determine whether defendant desired a *voir dire* on the question of identification after defense counsel questioned a State's witness as to the procedure used to identify defendant.

6. **Criminal Law § 86— cross-examination of defendant — prior convictions**

When defendant testified, he subjected himself to cross-examination as to prior unrelated criminal offenses for the purpose of impeaching his credibility, but the State was bound by his denial of additional convictions and could not offer evidence to contradict him.

7. **Criminal Law § 86— denial by defendant of additional convictions — further cross-examination by State**

Where defendant on cross-examination admitted three past convictions and then stated, "and that's all," the State was not precluded from further cross-examination of defendant concerning other prior unrelated criminal convictions so as to "sift the witness."

State v. Gaiten

8. **Criminal Law § 86— questions as to prior convictions — information and good faith — necessity for voir dire**
   While it is permissible for the trial court to hold a *voir dire* hearing and find facts as to whether questions asked defendant on cross-examination by the solicitor concerning prior convictions were based on information and asked in good faith, such procedure is not required.

9. **Criminal Law § 86— questions as to prior convictions — presumption of good faith**
   Where the record fails to show that questions asked defendant on cross-examination concerning prior convictions were not based on information and asked in good faith, action of the trial judge in allowing such questions is presumed correct.

10. **Criminal Law § 112— instructions on reasonable doubt — lack or insufficiency of evidence**
    In this prosecution for common law robbery, the trial court did not err in failing to instruct the jury that a reasonable doubt could arise from the lack or insufficiency of the evidence.

APPEAL by defendant from decision of the North Carolina Court of Appeals finding no error in the trial before *Beal, S.J.*, at 17 November 1969 Schedule "B" Session, MECKLENBURG Superior Court.

Defendant was charged in a bill of indictment with the offense of common law robbery from the person of Henry James Reeves on 7 July 1969. He entered a plea of not guilty. The jury returned a verdict of guilty as charged in the bill of indictment. The court imposed judgment of imprisonment for a term of five years, and defendant appealed. The Court of Appeals found no error in the trial below, and defendant appealed to this Court pursuant to G.S. 7A- 30 (1), asserting that a substantial question under the United States and North Carolina Constitutions is presented because defendant was denied his right to confront and cross-examine witnesses.

*Attorney General Morgan, Assistant Attorney General Bernard A. Harrell, and Assistant Attorney General Millard R. Rich, Jr., for the State.*

*Hicks & Harris, by Richard F. Harris III, for defendant.*

BRANCH, Justice.

Appellant's first and principal assignment of error is as follows:

The defendant excepts to and assigns as error the court's exclusion of the following relevant cross examination of the prosecuting witness, Henry J. Reeves, by sustaining objections to proper questions, ordering the jury to retire from the courtroom to the jury room, and stating that said cross examination was irrelevant to this case, in violation of the defendant's constitutional right to confront the witnesses against him and to submit them to his cross examination in the presence of the jury, as guaranteed by the Sixth Amendment to the Constitution of the United States and by the Constitution of North Carolina, Article I, Section 2.

The witness Reeves testified before the jury that he first identified defendant in Hickory, North Carolina. When the witness was questioned as to the procedure used to identify defendant, the trial judge excused the jury. In the jury's absence defendant's counsel stated that he did not contend that there was a line-up and that he did not want a *voir dire* on the question of identification. The trial judge then allowed defendant's counsel to question the witness for the purpose of determining when and how he identified defendant. The witness testified that he first identified defendant at the preliminary hearing in Mecklenburg County and that he was shown a photograph in Hickory of one John Wilson Patton, but that "I don't really believe I was shown a picture of this man. . . . The first time I recall identifying him for sure was when I appeared at the hearing and I saw him in person."

The record, *inter alia,* shows the following:

COURT: He said that this man was charged but not arrested. He didn't arrest him. He doesn't know anything about it. He just understands he was charged but not arrested, that this defendant here was; that a hearing came on sometime or other by some reason or other and this boy appeared in court and he was there and identified him. Is that what you're saying?

EXCEPTION No. 17 (R p 26)

A. That's correct.

COURT: So all of that's irrelevant to the issue here.

EXCEPTION No. 18 (R p 27)

State v. Gaiten

COURT: All right, let the jury come back. I'm going to let the jury go now. You gentlemen stay here just a minute.

(WHEREUPON, the jury returned to the courtroom.)

[1-3] "The law of the land" guaranteed by Article I, Section 17 of the North Carolina Constitution, synonymous with "due process," preserves the right of confrontation and cross-examination to an accused in a criminal action. *Pointer v. Texas,* 380 U.S. 400, 85 S.C. 1065, 13 L. Ed. 2d 923; *State v. Hightower,* 187 N.C. 300, 121 S.E. 616; *State v. Dixon,* 185 N.C. 727, 117 S.E. 170. By cross-examination a witness may be questioned as to prior inconsistent statements or as to any act inconsistent with his testimony in order to impeach him or cast doubt upon his credibility. *State v. McPeak,* 243 N.C. 273, 90 S.E. 2d 505; *State v. Chambers,* 238 N.C. 373, 78 S.E. 2d 209; *State v. Cope,* 240 N.C. 244, 81 S.E. 2d 773. However, it is a general rule that a defendant may waive the benefit of statutory or constitutional provisions by express consent, failure to assert it in apt time, or by conduct inconsistent with a purpose to insist upon it. *State v. Mitchell,* 119 N.C. 784, 25 S.E. 783, 1020; *Cotton Mills v. Local 578,* 251 N.C. 218, 111 S.E. 2d 457, 79 ALR 646, *cert.* den. 362 U.S. 941, 4 L. Ed. 2d 770, 80 S. Ct. 806.

[4] Defendant apparently contends that he was denied the right of confrontation and the right of cross-examination as to prior inconsistent statements when the trial judge, in the jury's absence, stated that the testimony concerning another person presumably involved in another criminal charge was "irrelevant to the issue here." When the jury returned to the courtroom defendant's counsel continued a lengthy cross-examination without offering to pursue the question of inconsistent statements.

The Judge's statement that the other criminal matter was irrelevent did not amount to a denial of the right of cross-examination concerning prior inconsistent statements. Further, defendant's failure to assert the right of cross-examination amounted to a waiver of this right. Our conclusion as to this assignment of error draws strength from the facts of the case. Defendant testified that he was present in witness' automobile and that he saw his friends attack witness. Thus, contradictory statements as to when and how witness identified defendant became insignificant and without prejudice to defendant in light of his admissions.

[5] We find no merit in defendant's contention that his con-

stitutional rights were impaired when the trial judge excused the jury, since the trial judge properly excused the jury to determine whether defendant desired a *voir dire* on the question of identification.

The other portion of this assignment of error is broadside and is not properly related to any exception.

This assignment of error is overruled.

Defendant contends that the trial court erred by not making a determination as to whether questions asked on cross-examination by the solicitor concerning prior convictions were based on information and asked in good faith.

[6]   When defendant testified, he subjected himself to cross-examination as to prior unrelated criminal offenses for the purpose of impeaching his credibility as a witness. *State v. Neal,* 222 N.C. 546, 23 S.E. 2d 911. The State was bound by his denial of such additional convictions and could not offer evidence to contradict him. *State v. Heard,* 262 N.C. 599, 138 S.E. 2d 243.

[7, 8]   Defendant admitted three past convictions, and then stated, "And that's all." This statement did not prevent further cross-examination concerning other prior unrelated criminal convictions so as to "sift the witness." *State v. King,* 224 N.C. 329, 30 S.E. 2d 230. Whether the cross-examination went too far or was unfair rests largely in the sound discretion of the trial judge. *State v. Conner,* 244 N.C. 109, 92 S.E. 2d 668; *State v. Neal, supra.* In the case of *State v. Heard, supra,* the trial court held a *voir dire* hearing and found facts as to whether the solicitor's questions were based on fact and asked in good faith. This procedure is permissible but not required.

[9]   This record fails to show that the questions asked were not based on information and asked in good faith, and when a record is silent on a particular point, the action of the trial judge is presumed to be correct. *State v. Dew,* 240 N.C. 595, 82 S.E. 2d 482. We hold that the court correctly allowed the challenged cross-examination.

[10]   Defendant contends that the court erred in its charge concerning definition of reasonable doubt, because the trial judge failed to instruct that a reasonable doubt could arise from the lack or insufficiency of the evidence. The trial judge charged, in part, as follows:

"Now, ladies and gentlemen of the jury, a reasonable doubt is not a vain, imaginary or fanciful doubt, but is a sane and rational doubt. It is a doubt based on common sense. When it is said that you, the jury, must be satisfied of the defendant's guilt beyond a reasonable doubt, it is meant that you must be fully satisfied or entirely convinced or satisfied to a moral certainty of the truth of the charge.

"I instruct you, members of the jury, that the burden of proof in this case is upon the State of North Carolina from the beginning to the close of the case. The burden of proof in the sense of ultimately proving or establishing the issue is upon the State, and it rests upon the State throughout the trial and the burden of proof never shifts. The defendant, who has not the burden of proof, is not bound to disprove the State's case, for the State must fail if, upon the whole evidence, the State fails to satisfy you, the jury, beyond a reasonable doubt that the defendant is guilty of every element of the offense charged against him in the bill of indictment."

The evidence in this case was not circumstantial. There was ample direct evidence to support the verdict. This charge as to reasonable doubt was adequate and meets the tests in both the opinion and the concurring opinion in the case of *State v. Britt,* 270 N.C. 416, 154 S.E. 2d 519.

We do not deem it necessary to further discuss the remaining assignments of error. Suffice it to say, we have carefully examined each of the remaining assignments of error without finding any prejudicial error.

The decision of the Court of Appeals is

Affirmed.