STATE OF NORTH CAROLINA v. WAYNE JOSEPH HILL

No. 7226SC584

(Filed 22 November 1972)

1. Criminal Law § 102— jury argument of solicitor — reference to absence of defense witnesses — no error

   The trial court did not err in a prosecution for housebreaking and larceny in allowing the solicitor in his argument to the jury to state that it was "mighty convenient" for the defendant that two witnesses who allegedly would have helped him establish an alibi were not present.

2. Criminal Law § 86— impeachment of defendant — inquiry about previous crimes proper

   It was proper for the solicitor to ask defendant for the purpose of impeachment if he had been convicted of stealing an automobile where the question was based on information and asked in good faith.

APPEAL by defendant from *Ervin, Judge,* 17 January 1972 Conflict Session, MECKLENBURG Superior Court.

By indictment proper in form, defendant was charged with (1) housebreaking, (2) larceny, and (3) receiving. Defendant's motion for dismissal of the receiving count was allowed but the jury found defendant guilty of the other two charges. From judgment sentencing him to the custody of the Commissioner of Corrections for supervision and treatment as a youthful offender for a term of not less than six years, defendant appealed.

*Attorney General Robert Morgan by James E. Magner, Jr., Assistant Attorney General, for the State.*

*Don Davis for defendant appellant.*

BRITT, Judge.

[1] In the first assignment of error brought forward and argued in his brief, defendant contends that the court erred in allowing the solicitor in his argument to the jury to state that it was "mighty convenient" for the defendant that two possible witnesses were not present. Defendant indicated at trial that the two witnesses would have helped him establish an alibi but one of them was out of the State serving in the Air Force and the whereabouts of the other was unknown.

In 2 Strong, N.C. Index 2d, Criminal Law, § 102, p. 642, we find: "The control of the argument of the solicitor and counsel must be left largely to the discretion of the trial court, and an impropriety must be sufficiently grave to be prejudicial in order to entitle defendant to a new trial. It is only in extreme cases of abuse of the privilege of counsel, and when the trial court does not intervene or correct an impropriety, that a new trial may be allowed."

We hold that under the facts in this case, the trial judge did not abuse his discretion in allowing the argument complained of and the assignment of error is overruled.

[2] In the second assignment of error brought forward in his brief, defendant contends that the solicitor committed prejudicial error when in cross-examining defendant accused defendant of having been convicted of stealing an automobile when there was no "good faith" basis for such accusation.

Defendant having voluntarily become a witness for himself, it was proper for the solicitor to ask him the question complained of for the purpose of impeachment, provided the question was based on information and asked in good faith. *State v. Heard,* 262 N.C. 599, 138 S.E. 2d 243 (1964) ; *State v. Sheffield,* 251 N.C. 309, 111 S.E. 2d 195 (1959). The record reveals that the solicitor's question was based on information which the solicitor had and that the question was asked in good faith. The assignment of error is overruled.

We have duly considered the other assignments of error argued in defendant's brief but finding them without merit, they are overruled.

No error.

Chief Judge MALLARD and Judge BROCK concur.