STATE OF NORTH CAROLINA v. ISAAC SHERRILL MONK

No. 26

(Filed 12 March 1975)

1. Jury § 7— jurors opposed to death penalty — challenge for cause proper

Jurors who indicated that they were irrevocably committed to vote against a verdict carrying the death penalty regardless of the facts and circumstances that might be revealed by the evidence were properly excused for cause.

2. Jury § 7— general reservations of juror about death penalty — excusal for cause improper

The trial court erred in excusing for cause a juror who voiced general reservations about the death penalty but who made no affirmative, unequivocal statement that she was unwilling to consider the death penalty or that she was irrevocably committed to vote against it regardless of the facts and circumstances that might be revealed by the evidence; however, the erroneous allowance of the improper challenge for cause does not entitle defendant to a new trial.

3. Criminal Law § 102— argument of counsel — discretionary control by trial judge

Argument of counsel must be left largely to the control and discretion of the presiding judge and counsel must be allowed wide latitude in the argument of hotly contested cases.

4. Criminal Law § 102— jury argument — matters arguable

Counsel for both sides are entitled to argue to the jury the law and the facts in evidence and all reasonable inferences to be drawn therefrom; however, counsel may not place before the jury incompetent and prejudicial matters, may not travel outside the record by injecting into his argument facts of his own knowledge or other facts not included in evidence, and may not argue principles of law not relevant to the case.

5. Constitutional Law § 33; Criminal Law § 102— jury argument — comment on defendant's failure to testify

The prosecuting attorney's remark, "Now, it is a principle of law that, when applied in these trials, that the State nor the defense cannot show a person's criminal record unless that person testified from this witness stand . . . , " amounted to a suggestion in unmistakable terms that defendant had failed to testify, and such remark violated the rule of G.S. 8-54 that counsel may not comment upon the failure of a defendant in a criminal prosecution to testify.

6. Criminal Law § 88— cross-examination — inquiry as to prior convictions and misconduct for impeachment only

The law is that a witness, including the defendant in a criminal case, may be cross-examined for purposes of impeachment with respect to prior convictions of crime, and the witness may also be cross-examined about specific acts of misconduct and may be asked disparaging

questions concerning collateral matters relating to his criminal and degrading conduct.

7. **Criminal Law §§ 88, 102— jury argument concerning prior criminal record — impropriety — failure of court to give curative instruction**

Argument of the prosecuting attorney which suggested to the jury that defendant had a prior criminal record which, but for the "legal principle" that "the State . . . cannot show a person's criminal record unless that person testified . . . , " the State would have offered evidence to prove was improper and erroneous, and failure of the court to instruct the jury that the argument was improper with prompt and explicit instructions to disregard it required that defendant be given a new trial.

DEFENDANT appeals from judgment of *Smith, J.*, 13 August 1973 Session of NEW HANOVER Superior Court.

Defendant was charged in separate bills of indictment with armed robbery and murder of Donnie P. Christian in New Hanover County on 5 April 1973. The murder indictment is proper in form and drawn in conformity with G.S. 15-144. The cases were consolidated for trial. The jury convicted defendant of murder in the first degree, and he was sentenced to death.

The State offered ample evidence to carry the case to the jury and support a verdict of guilty of murder in the first degree. We deem it unnecessary to make a full recital of the facts since a new trial must be awarded for prejudicial error committed by the prosecution in arguments to the jury. A proper factual setting for discussion of this error will be recited in the opinion. Likewise, the opinion will narrate the facts surrounding the voir dire examination of prospective jurors sufficient to project defendant's assignment of error that challenges for cause were erroneously allowed.

*Robert Morgan, Attorney General; James E. Magner, Jr., Assistant Attorney General, for the State of North Carolina.*

*Harold P. Laing, Attorney for defendant appellant.*

HUSKINS, Justice.

Defendant's first assignment of error is grounded on the contention that the trial court erred in excusing for cause eleven jurors named in his brief.

We have interpreted *Witherspoon v. Illinois,* 391 U.S. 510, 20 L.Ed. 2d 776, 88 S.Ct. 1770 (1968), with respect to jury

State v. Monk

selection in capital cases, to hold that "(1) veniremen may not be challenged for cause simply because they voice general objections to the death penalty or express conscientious or religious scruples against its infliction; and (2) veniremen who are unwilling to consider all of the penalties provided by law and who are irrevocably committed, before the trial has begun, to vote against the death penalty regardless of the facts and circumstances that might emerge in the course of the trial may be challenged for cause on that ground." *State v. Crowder,* 285 N.C. 42, 203 S.E. 2d 38 (1974).

[1] With questions that often missed the *Witherspoon* target entirely, the assistant district attorney who prosecuted this case and defense counsel both attempted to make appropriate inquiries concerning each venireman's moral or religious scruples, beliefs and attitudes toward capital punishment. The record of the voir dire examinations of these prospective jurors, however, is often muddled and incoherent, making it practically impossible to determine with any degree of certainty the total number of jurors dismissed for cause and the total number of peremptory challenges exercised by either side. Nevertheless, we have carefully reviewed the record as best we could with respect to the examination of the eleven jurors named in defendant's brief who were excused for cause. We conclude that all but Mrs. Bowen and Mrs. Lewis eventually indicated they were irrevocably committed to vote against a verdict carrying the death penalty regardless of the facts and circumstances that might be revealed by the evidence. The nine jurors so committed were properly excused for cause. *State v. Ward,* 286 N.C. 304, 210 S.E. 2d 407 (1974) ; *State v. Honeycutt,* 285 N.C. 174, 203 S.E. 2d 844 (1974) ; *State v. Crowder, supra.*

Mrs. Bowen was challenged and excused for cause by reason of her acquaintance and friendship for many years with the family of the murder victim.

The record discloses the following interrogation of Mrs. Lewis, who for some obscure reason is designated "J-3" instead of by name:

"Q. Now, let me ask the three of you this. Do either of the three of you have such strong views about the death penalty that you feel like it would be difficult or impossible for you to return verdicts of guilty to first degree murder

State v. Monk

against the defendant in this case knowing that such a verdict would lead to the imposition of the death penalty?

MR. LAING: Objection.

COURT: As to that question sustained.

J-3: I would hate to pass on it.

COURT: Don't answer the question.

Q. Let me rephrase the question. Do any of you have such strong views about the death penalty that it would be impossible for you to render a verdict of guilty to first degree murder no matter how overwhelming the evidence may be against the defendant because of your feelings about the death penalty?

MR. LAING: Objection.

COURT: Overruled.

J-3: I don't believe in the death penalty.

Q. You don't believe in the death penalty?

J-3: No, sir, I don't.

Q. Are you saying that no matter how overwhelming the evidence might be against the defendant that you could not render a verdict of guilty of first degree murder?

J-3: Well, I want him to be convicted if he were guilty. I don't know about the death penalty. I would want him to be punished.

\* \* \* \*

MR. STROUD: May it please the Court, the State would challenge Mrs. Lewis for cause because of her feelings about the death penalty and would challenge Mrs. King peremptorily.

MR. LAING: Objection to the challenge for cause, your Honor.

COURT: Let me ask Juror No. 3 this question. What the Solicitor wants to know is this. If the evidence and the law in this case should be such that you were convinced of the defendant's guilt beyond a reasonable doubt would you still vote to return a verdict of not guilty or refuse to

return a verdict of guilty of first degree murder because of your personal feelings with reference to the death penalty?

J-3: I don't know.

COURT: You do not know?

J-3: No, sir. I don't know how I would feel.

COURT: Step down. Challenge for cause is allowed as to Juror Lewis."

[2] It is quite apparent that while Mrs. Lewis voiced general reservations about the death penalty, she made no affirmative, unequivocal statement that she was unwilling to consider the death penalty or that she was irrevocably committed to vote against it regardless of the facts and circumstances that might be revealed by the evidence. Had anyone seen fit to ask her the precise question and insist on an unequivocal answer, she probably would have said as much. But this was not done. She was therefore erroneously excused for cause. *Maxwell v. Bishop,* 398 U.S. 262, 26 L.Ed. 2d 221, 90 S.Ct. 1578 (1970); *Boulden v. Holman,* 394 U.S. 478, 22 L.Ed. 2d 433, 89 S.Ct. 1138 (1969); *Witherspoon v. Illinois, supra; State v. Crowder, supra.*

Even so, when the mandates of *Witherspoon* are followed in the selection of other jurors, as here, "the erroneous allowance of an improper challenge for cause does not entitle the adverse party to a new trial, so long as only those who are competent and qualified to serve are actually empaneled upon the jury which tried his case." *State v. Atkinson,* 275 N.C. 288, 167 S.E. 2d 241 (1969), *rev'd on other grounds,* 403 U.S. 948, 29 L.Ed. 2d 859, 91 S.Ct. 2283 (1971). A defendant has no "vested right to a particular juror." *State v. Vann,* 162 N.C. 534, 77 S.E. 295 (1913). We adhere to this view. *Accord, Bell v. Patterson,* 402 F. 2d 394 (10th Cir. 1968), *cert. denied,* 403 U.S. 955, 29 L.Ed. 2d 865, 91 S.Ct. 2279 (1971); *State v. Conyers,* 58 N.J. 123, 275 A. 2d 721 (1971). Unpersuasive decisions contra include *Marion v. Beto,* 434 F. 2d 29 (5th Cir. 1970), *cert. denied,* 402 U.S. 906, 28 L.Ed. 2d 646, 91 S.Ct. 1372 (1971); *Woodards v. Cardwell,* 430 F. 2d 978 (6th Cir. 1970); *People v. Washington,* 71 Cal. 2d 1170, 459 P. 2d 259, 81 Cal. Rptr. 5 (1969). When no systematic exclusion is shown, defendant's right is only to *reject a juror prejudiced against him;* he has no right to *select one prejudiced in his favor. State v. Washington,* 283 N.C.

175, 195 S.E. 2d 534 (1973), *cert. denied,* 414 U.S. 1132, 38 L.Ed. 2d 757, 94 S.Ct. 873 (1974) ; *State v. Peele,* 274 N.C. 106, 161 S.E. 2d 568 (1968), *cert. denied,* 393 U.S. 1042, 21 L.Ed. 2d 590, 89 S.Ct. 669 (1969) ; *State v. Vann, supra.* Thus the improper exclusion of Mrs. Lewis was not prejudicial and does not necessitate a new trial. Defendant's first assignment is over-ruled.

It is entirely appropriate to say at this point that counsel involved in the trial of capital cases, and prosecuting attorneys in particular, should take greater pains to utilize the exact language of *Witherspoon* when interrogating veniremen to ascertain those whose scruples and attitudes irrevocably commit them to vote against any conviction that carries the death penalty regardless of the evidence adduced in the course of the trial. Since *Witherspoon* has so clearly specified the ultimate question that must be answered, the voir dire examination of prospective jurors should be based on questions phrased in *Witherspoon* language. Unless this course is followed, new trials will often be necessary in cases otherwise free from prejudicial error.

The record shows that defendant interposed numerous objections to various statements of the prosecuting attorney in his closing argument to the jury. Eight of these exceptions are grouped and constitute the basis for defendant's fifth assignment of error.

In that portion of the argument to which Exception No. 65 is addressed, the prosecuting attorney stated that no fingerprints were recovered from a certain exhibit offered in evidence "because it was in dew and certainly moisture having contact with any item that's got a fingerprint on it is going to affect the fingerprint." Our search of the record reveals no evidence to that effect.

The portion of the argument to which Exceptions Nos. 78 and 79 are addressed reads as follows:

> "Now, it is a principle of law that, when applied in these trials, that the State nor the defense cannot show a person's criminal record unless that person testified from this witness stand —

> MR. LAING: Objection.

> MR. STROUD: When that principle of law —

> COURT: Overruled.           EXCEPTION NO. 78

MR. STROUD: — is applied in criminal cases, you can't put on any evidence of a person's criminal record unless the person testified and can be cross examined about it.

MR. LAING: Objection.

COURT: Sustained.  EXCEPTION NO. 79"

Defendant contends the prosecuting attorney exceeded the bounds of propriety in his argument to the jury, as illustrated by the foregoing exceptions, and that these transgressions were prejudicial and denied him a fair trial.

It is the duty of the prosecuting attorney to present the State's case with earnestness and vigor and to use every legitimate means to bring about a just conviction. In the discharge of that duty he should not be so restricted as to discourage a vigorous presentation of the State's case to the jury. *State v. Westbrook*, 279 N.C. 18, 181 S.E. 2d 572 (1971), *vacated on other grounds*, 408 U.S. 939, 33 L.Ed. 2d 761, 92 S.Ct. 2873 (1972); 23A C.J.S., Criminal Law §§ 1081, 1083.

[3, 4] We have held in numerous cases that argument of counsel must be left largely to the control and discretion of the presiding judge and that counsel must be allowed wide latitude in the argument of hotly contested cases. *State v. Seipel*, 252 N.C. 335, 113 S.E. 2d 432 (1960); *State v. Barefoot*, 241 N.C. 650, 86 S.E. 2d 424 (1955); *State v. Bowen*, 230 N.C. 710, 55 S.E. 2d 466 (1949); *State v. Little*, 228 N.C. 417, 45 S.E. 2d 542 (1947). Counsel for both sides are entitled to argue to the jury the law and the facts in evidence and all reasonable inferences to be drawn therefrom. *State v. Conner*, 244 N.C. 109, 92 S.E. 2d 668 (1956); *State v. Willard*, 241 N.C. 259, 84 S.E. 2d 899 (1954); *State v. Campo*, 233 N.C. 79, 62 S.E. 2d 500 (1950). Language may be used *consistent with the facts in evidence* to present each side of the case.

On the other hand, we have held that counsel may not place before the jury incompetent and prejudicial matters, and may not "travel outside the record" by injecting into his argument facts of his own knowledge or other facts not included in the evidence. *State v. Westbrook, supra; State v. Phillips*, 240 N.C. 516, 82 S.E. 2d 762 (1954); *State v. Dockery*, 238 N.C. 222, 77 S.E. 2d 664 (1953); *State v. Little, supra.* Nor may counsel argue principles of law not relevant to the case. *State v. Crisp*, 244 N.C. 407, 94 S.E. 2d 402, 67 A.L.R. 2d 236 (1956);

*State v. Buchanan,* 216 N.C. 709, 6 S.E. 2d 521 (1940). Under G.S. 84-14 (1965) counsel may argue to the jury "the whole case as well of law as of fact." Even so, argument is not without its limitations. The trial court has a duty, upon objection, to censor remarks not warranted by either the evidence or the law, or remarks calculated to mislead or prejudice the jury. *In re Will of Farr,* 277 N.C. 86, 175 S.E. 2d 578 (1970) ; *see State v. Dillard,* 285 N.C. 72, 203 S.E. 2d 6 (1974) ; *Jenkins v. Hines Co.,* 264 N.C. 83, 141 S.E. 2d 1 (1965) ; *State v. Howley,* 220 N.C. 113, 16 S.E. 2d 705 (1941). If the impropriety is gross it is proper for the court even in the absence of objection to correct the abuse *ex mero motu. State v. Smith,* 240 N.C. 631, 83 S.E. 2d 656 (1954).

**[5]** Applying the foregoing principles to the present case, we are constrained to hold that the prosecuting attorney's argument represents a departure from the evidence and the legitimate inferences to be drawn therefrom and injects incompetent and prejudicial matters not legally admissible. Exception No. 65 is a minor transgression and, nothing else appearing, when the court sustained defendant's objection the impropriety was cured. But Exceptions Nos. 78 and 79 are more serious. There the prosecuting attorney said: "Now, it is a principle of law that, when applied in these trials, that the State nor the defense cannot show a person's criminal record *unless that person testified from this witness stand . . .* " (Emphasis added.) The thrust of the statement at that point is to suggest in unmistakable terms that defendant had failed to testify. Such remark violates the rule that counsel may not comment upon the failure of a defendant in a criminal prosecution to testify. This is forbidden by ˙G.S. 8-54 (1969). *See State v. Roberts,* 243 N.C. 619, 91 S.E. 2d 589 (1956) ; *State v. McLamb,* 235 N.C. 251, 69 S.E. 2d 537 (1952) ; *State v. Farrell,* 223 N.C. 804, 28 S.E. 2d 560 (1944).

Improper comment on defendant's failure to testify may be cured by an instruction from the court that the argument is improper followed by prompt and explicit instructions to the jury to disregard it. *State v. Clayton,* 272 N.C. 377, 158 S.E. 2d 557 (1968). See *State v. Lindsay,* 278 N.C. 293, 179 S.E. 2d 364 (1971), for an instruction on this point which we approve. In the instant case no proper curative instruction was given. Defendant's objection to the argument was overruled. The general instruction on defendant's right to testify or not at ˙his

option, given later by the court in the course of the charge, was insufficient to remove the prejudice because no reference was made to the offending argument and the damage done by it remained largely unrepaired.

Continuing, the prosecuting attorney said: "When that principle of law is applied in criminal cases, you can't put on any evidence of a person's criminal record unless the person testifies and can be cross-examined about it." Defendant's objection was simply sustained with no further action by the trial court to cure this impropriety or to remove its prejudicial effect.

[6]  At the outset, it must be observed that there is no such principle of law. The law is that a witness, including the defendant in a criminal case, may be *cross-examined for purposes of impeachment* with respect to prior convictions of crime. *State v. Miller,* 281 N.C. 70, 187 S.E. 2d 729 (1972) ; *State v. Cook,* 280 N.C. 642, 187 S.E. 2d 104 (1972) ; *State v. Williams,* 279 N.C. 663, 185 S.E. 2d 174 (1971) ; *State v. Gaiten,* 277 N.C. 236, 176 S.E. 2d 778 (1970) ; *State v. Blackwell,* 276 N.C. 714, 174 S.E. 2d 534 (1970), *cert. denied,* 400 U.S. 946, 27 L.Ed. 2d 252, 91 S.Ct. 253 (1970) ; *State v. Goodson,* 273 N.C. 128, 159 S.E. 2d 310 (1968) ; *State v. Sheffield,* 251 N.C. 309, 111 S.E. 2d 195 (1959) ; *State v. March,* 46 N.C. 526 (1854). Under that general principle the witness may also be cross-examined about specific acts of misconduct and may be asked disparaging questions concerning collateral matters relating to his criminal and degrading conduct. *State v. Williams, supra; State v. Ross,* 275 N.C. 550, 169 S.E. 2d 875 (1969), *cert. denied,* 397 U.S. 1050, 25 L.Ed. 2d 665, 90 S.Ct. 1387 (1970). The scope of such cross-examination is subject to the discretion of the trial judge and the questions must be asked in good faith. *State v. Williams, supra.*

[7]  This portion of the prosecuting attorney's challenged argument suggests to the jury that defendant has a prior criminal record which, but for the "legal principle" mentioned, the State would have offered evidence to prove. This the law does not permit the State to do. Cross-examination by the State is permitted for the purpose of impeaching the credibility of the witness and not for the purpose of proving prior offenses. *State v. Neal,* 222 N.C. 546, 23 S.E. 2d 911 (1943). Denial of prior offenses by the witness may not be contradicted by introducing the record of his conviction or otherwise proving by other witnesses that he was, in fact, convicted. *State v. Gaiten, supra;*

*State v. Heard*, 262 N.C. 599, 138 S.E. 2d 243 (1964) ; 1 Stansbury's North Carolina Evidence § 112 (Brandis Rev. 1973).

It was the duty of the court not only to sustain objection to the prosecuting attorney's improper and erroneous argument but also to instruct the jury that the argument was improper with prompt and explicit instructions to disregard it. Since no proper curative instruction was given, the prejudicial effect of the argument requires a new trial.

We deem it unnecessary to discuss the remaining assignments of error since they are largely inconsequential and are not likely to recur upon retrial. For the reasons stated, the judgment is vacated and the cause remanded to the Superior Court of New Hanover County for a

New trial.