State v. McLendon

_____

STATE OF NORTH CAROLINA v. JODY McLENDON

No. 8020SC520

(Filed 4 November 1980)

1. **Criminal Law § 86.3– prior conviction of prosecuting witness – cross-examination properly limited**

The trial court in a rape prosecution did not err in disallowing questions

to the prosecuting witness on cross-examination relating to specific convictions of crime, since defendant was given sufficient opportunity to "sift the witness."

2. **Rape § 4.3– reputation of prosecutrix – cross-examination of investigating officer properly limited**

The trial court in a rape prosecution did not err in refusing to allow the investigating officer to answer on cross-examination a question relating to the character and reputation of the prosecuting witness, since the officer had already testified that he did not have any knowledge as to the prosecuting witness's reputation.

APPEAL by defendant from *Wood, Judge.* Judgment entered 15 November 1979 in Superior Court, STANLY County. Heard in the Court of Appeals on 14 October 1980.

Defendant was charged under proper indictment with second degree rape. The jury returned a verdict of guilty of assault with intent to commit rape, and the court sentenced defendant to a prison term of not less than 14 nor more than 15 years. Defendant appealed.

*Attorney General Edmisten, by Associate Attorney Richard H. Carlton, for the State.*

*Gerald E. Rush, for the defendant appellant.*

HEDRICK, Judge.

[1] Defendant first contends, based on his second assignment of error, that the court erred in disallowing questions to the prosecuting witness on cross-examination relating to specific convictions of crime. Defendant argues that the prosecuting witness, in her prior testimony, had contradicted herself on whether she had any previous convictions, and that defendant should have been allowed to "delve further" into those convictions. We disagree. The rule is well-settled that a witness, for purposes of impeachment, may be cross-examined concerning prior convictions. *State v. Ross,* 295 N.C. 488, 246 S.E. 2d 780 (1978); *State v. Williams,* 279 N.C. 663, 185 S.E. 2d 174 (1971).

If the witness on cross-examination denies being convicted of a prior criminal offense, the cross-examiner is bound by the denial and cannot offer evidence in contradiction, but the cross-examiner can pursue further on cross-examination concerning prior convictions so as to "sift the witness." *State v. Currie,* 293

N.C. 523, 238 S.E. 2d 477 (1977); *State v. Gaiten*, 277 N.C. 236, 176 S.E. 2d 778 (1970).

Whether such cross-examination goes too far however, is a matter largely in the discretion of the trial judge. *State v. Herbin*, 298 N.C. 441, 259 S.E. 2d 263 (1979); *State v. Garrison*, 294 N.C. 270, 240 S.E. 2d 377 (1978); *State v. Gaiten, supra.*

In the instant case, the record indicates that the prosecuting witness testified "[t]hat she hasn't been tried and convicted of anything; that she was convicted of driving drunk on two occasions." Thereafter, counsel for defendant twice sought responses as to other convictions, but the prosecuting witness both times denied having been convicted of anything else, and then the court sustained the State's objection to further questions on that point. It is obvious that defendant was given sufficient opportunity to "sift the witness" and that the trial judge did not abuse its discretion in stopping the questions at that point.

[2] Defendant next contends, based on his fourth assignment of error, that the court erred in sustaining the State's objection to a question directed to the investigating officer on cross-examination relating to the character and reputation of the prosecuting witness. Defendant argues that the court "effectively cut off" defendant's opportunity to offer evidence of the reputation of the prosecuting witness. We cannot agree. Generally, defendants in rape prosecutions are entitled to offer evidence of the bad character of the prosecuting witness by showing her general reputation in the community or neighborhood in which she resides. *State v. McEachern*, 283 N.C. 57, 194 S.E. 2d 787 (1973). In order for a witness to testify as to general reputation, the witness must first qualify himself by indicating that he knows the general reputation of the party about whom he proposes to testify, and if he does not know the general reputation, he cannot testify to it. *State v. Bush*, 289 N.C. 159, 221 S.E. 2d 333, *vacated in part*, 429 U.S. 809, 50 L.Ed. 2d 69, 97 S.Ct. 46 (1976); *State v. Stegmann*, 286 N.C. 638, 213 S.E. 2d 262 (1975), *vacated in part*, 428 U.S. 902, 49 L.Ed. 2d 1205, 96 S.Ct. 3203 (1976).

In the present case, the record does not indicate that the investigating officer had any knowledge of the prosecuting wit-

ness' reputation. When asked by counsel for the defendant whether he had formed an opinion as to the reputation of the prosecuting witness, the officer replied, "I couldn't tell you about her reputation." Defense counsel thereafter asked whether the prosecuting witness had a reputation for being "rather promiscuous," to which the State objected, giving rise to the exception upon which this assignment of error is based. The court, in our view, properly sustained the State's objection, and this assignment of error is meritless.

We hold that defendant had a fair trial free from prejudicial error.

No error.

Judges MARTIN (Robert M.) and MARTIN (Harry C.) concur.