State v. Williams

---

STATE OF NORTH CAROLINA v. MICHAEL ANTHONY WILLIAMS

No. 839SC18

(Filed 6 December 1983)

Criminal Law § 86.4— prosecution for feloniously breaking and entering—evidence of other crimes—properly admitted to impeach defendant

In a prosecution for feloniously breaking and entering, the trial court properly allowed cross-examination of defendant concerning three other break-ins and testimony concerning those break-ins since (1) the State had a right to

test the validity of defendant's defense that he had no knowledge of the break-in for which he was being tried because he had passed out, and (2) when defendant took the stand he was subject to having his credibility impeached by good faith questions about specific acts of criminal and degrading conduct.

APPEAL by defendant from *Bailey, Judge.* Judgment entered 11 August 1982 in Superior Court, VANCE County. Heard in the Court of Appeals 26 September 1983.

Defendant and two companions — J. C. Edwards and Charles Puckett — were charged with feloniously breaking and entering four different buildings during the night of 28 March 1982. The places allegedly broken in were the Medical Arts Pharmacy and the office of Dr. Reddy, both situated in the same building in Henderson, and two cabins situated at nearby Kerr Lake. Upon defendant's motion the charges were severed and he was tried for breaking in the Medical Arts Pharmacy, found guilty, and a three-year prison term was imposed.

The State's evidence, largely through the testimony of Edwards, who turned State's evidence, tended to show that: The three of them on the night involved, after riding around Henderson for a while in Puckett's pickup truck, stopped behind the Medical Arts Building and Edwards took a tire jack and knocked the glass out of a window to Dr. Reddy's office, but nobody entered the office at that time. They then drove to Kerr Lake and after Edwards broke into the first cabin, all three entered the second cabin, which was next door, after which they returned to the Medical Arts Building, entered Dr. Reddy's office and removed some drugs from it. They then rode around town some more before again returning to the Medical Arts Building, where Puckett broke into the pharmacy while the other two waited in the truck. After Puckett returned to the truck empty handed, all three then went in the pharmacy, where they filled a trash can with drugs, syringes and other articles, including a prescription pad and a dating stamp, and left.

In testifying upon his own behalf defendant admitted being with the other two the night involved, but claimed he passed out earlier in the evening from overindulging in drugs and alcohol, and neither participated in the crimes nor even knew when they were committed. On cross-examination, over defendant's objection, the District Attorney questioned him about the other three

break-ins and asked if a television set was stolen from one of the cabins and hidden in a shed behind his house.

On rebuttal Puckett, who also turned State's evidence, corroborated Edwards' version of their night of crime and also testified that a television set was stolen from one of the cabins and placed in a shed behind defendant's house.

*Attorney General Edmisten, by Assistant Attorney General Thomas H. Davis, Jr., for the State.*

*Edmundson & Catherwood, by John W. Watson, Jr. and Robert K. Catherwood, for defendant appellant.*

PHILLIPS, Judge.

All four of defendant's assignments of error relate to the other three break-ins that he was not being tried for being called to the jury's attention by one means or another. Though each assignment is treated separately in the brief, they really support but two contentions of prejudicial error; the first of which was permitting the State's witnesses to testify about defendant's participation in the other three crimes, and the second was permitting the State to cross-examine defendant about the other break-ins and their aftermath. In our opinion, it was not error to do either.

Evidence by the State that an accused has committed other crimes is not necessarily inadmissible. Like other circumstantial evidence that benefits one party's case and detrimentally affects that of the other, evidence of other crimes offered by the State is admissible if it tends to prove any other relevant fact in the case; but if the only effect of such evidence is to show that the defendant is a bad person with a criminal disposition, it is not admissible. 1 Brandis, N.C. Evidence § 91 (2d ed. 1982). The evidence of defendant's participation in the three other break-ins that occurred that same night tended to prove several relevant facts in the case against him, and was therefore properly received. Among other things, the evidence tended to show defendant's knowledge of the crime he was tried for and his intent to commit it; it also tended to prove that the pharmacy break-in was part of an ongoing, continuing scheme to pillage and rob. The several decisions relied upon by defendant have no application; the other

crimes in those cases occurred at other times and places and had no connection with the crime charged.

Under the peculiar circumstances of this case, cross-examining defendant about the other crimes was proper for two reasons. First, under our law the right to cross-examine one's adversary or his witnesses about what he has testified to in the case is fundamental in criminal and civil cases alike. 1 Brandis, N.C. Evidence § 35 (2d ed. 1982). Since the defendant had taken the stand and testified that he had no knowledge of the pharmacy break-in because he passed out early in the evening, the State had a right to test the validity of that defense by cross-examining him about his activities during the period of alleged oblivion — which, no doubt, was the main reason he was questioned about the other crimes and the stolen television. Second, when defendant took the stand he occupied the same position as any other witness and under our law every witness is subject to having his credibility impeached by good faith questions about specific acts of criminal and degrading conduct. *State v. Dawson*, 302 N.C. 581, 276 S.E. 2d 348 (1981); 1 Brandis, N.C. Evidence §§ 111, 112 (2d ed. 1982). The defendant's heavy reliance upon *State v. Phillips*, 240 N.C. 516, 82 S.E. 2d 762 (1954) is misplaced. There, the questions were of dubious foundation and were about people and events that had no connection with the case. Here, however, the inquiries were apparently in good faith and concerned similar crimes that occurred that same night. That the good faith basis for the State's questions about the stolen television being kept at defendant's place was not revealed until rebuttal is of no consequence. Good faith for impeaching cross-examination does not have to be established ahead of time, it only has to exist — *State v. Leonard*, 300 N.C. 223, 266 S.E. 2d 631, *cert. denied*, 449 U.S. 960, 66 L.Ed. 2d 227, 101 S.Ct. 372 (1980) — unless the court in its discretion determines that a *voir dire* is appropriate. *State v. Gaiten*, 277 N.C. 236, 176 S.E. 2d 778 (1970).

No error.

Chief Judge VAUGHN and Judge WHICHARD concur.