IN THE MATTER OF: DAWN MICHELLE SAUNDERS; JACKIE YVETTE SAUNDERS; AND JOHN GARY SAUNDERS; MINOR CHILDREN

No. 8525DC42

(Filed 15 October 1985)

**Parent and Child § 1.5— termination of parental rights—absence of counsel—belated motion to set aside order**

The trial court properly denied respondent's motion to set aside an order terminating his parental rights entered three years earlier while he was in prison on the ground that his statutory and constitutional rights to appointed counsel in the proceeding were not honored since (1) respondent had no right to appointed counsel under G.S. 7A-289.23 because that statute became effective after the proceeding to terminate respondent's parental rights had been concluded; (2) although respondent was duly served with summons and a copy of the petition, he failed to assert his constitutional right, if any, to appointed counsel and thus waived such right; and (3) respondent's motion was not timely filed under the provisions of G.S. 1A-1, Rule 60(b).

APPEAL by respondent from *Blair, Judge.* Order entered 26 September 1984 in District Court, CALDWELL County. Heard in the Court of Appeals 27 August 1985.

This proceeding to terminate the parental rights of John Barry Saunders, the respondent, in his three minor children was initiated by his estranged wife on 11 September 1980, at which time respondent was imprisoned in the state prison unit at Reidsville. Though respondent was duly served with the summons and a copy of the petition on 17 September 1980, he filed no answer or response and following a hearing on 29 April 1981, which he had no notice of, an order was duly entered terminating respondent's parental rights. Respondent, who is still in prison serving a ten-year sentence, did not contact or communicate with the court about the proceeding in any manner until shortly after 10 June 1984 when he learned that his rights had been terminated. He then wrote the Clerk of Court for a copy of the order and on 13 July 1984 filed a *pro se* "Motion to Reinstate Parental Rights." In substance, the motion alleged that: When the summons was served on him he was imprisoned and had no access to legal counsel; as an indigent he had a right to court-appointed counsel but was not notified of that fact; if he had known that he had a right to counsel he would have exercised that right; he did not learn that the order terminating his parental rights had been

entered until 10 June 1984 and would have appealed from that order when it was entered if he had known of it; the grounds asserted in the petition for terminating his parental rights had no merit, and he had a good defense to them. Petitioner moved to dismiss respondent's motion and following a hearing thereon the motion was allowed.

In dismissing respondent's motion the court found facts as stated above and also that: Respondent was properly notified of the nature of the case filed against him and "failed without reasonable or lawful excuse to file answer in apt time or otherwise appear to contest said action."

*No brief filed for petitioner appellee.*

*Robbins, Flaherty & Lackey, by David S. Lackey, for respondent appellant.*

PHILLIPS, Judge.

The only question presented by this appeal is whether respondent's motion to set aside the order entered three years earlier was properly dismissed by the trial court without a hearing on the merits. We hold that the motion was properly dismissed, because in light of the circumstances recorded it stated no lawful grounds for setting the order aside. The only grounds asserted for setting the order aside is that his legal and constitutional right to appointed counsel in the proceeding was not honored. Assuming that he once had such a right, it is plain that he has it no longer, because none of the record facts or the court's findings and conclusions based thereon are questioned and they establish that respondent waived any right to relief he may have ever had. Respondent never had a statutory right to court-appointed counsel though, for the amendment to G.S. 7A-289.23 which authorizes court-appointed counsel for indigent respondents in parental rights termination cases did not become effective until 9 August 1981, after the proceeding had been both initiated and concluded. And as to his entitlement to appointed counsel, as a matter of law, under the due process and law of the land clauses of the United States and North Carolina Constitutions, which respondent argues was the case, our Supreme Court ruled otherwise in the case of *In re Clark*, 303 N.C. 592, 281 S.E. 2d 47 (1981). The rule laid down was that in proceedings like this initiated before 9

---

In re Saunders

---

August 1981, an indigent parent's right to appointment of counsel is not automatic as a matter of law, but depends upon the circumstances of each case; and in this case respondent, without excuse, called no circumstances requiring determination to the court's attention until long after his rights had been adjudicated.

Thus, even if respondent had a right to the appointment of counsel when the proceeding was brought against him, he waived it by failing to assert it within apt time. *State v. Gaiten*, 277 N.C. 236, 176 S.E. 2d 778 (1970). With express knowledge that steps to terminate his parental rights were underway, he did nothing whatever to contest the proceeding or even to inform himself about its progress until more than three years after it had been finally adjudicated. Even constitutional rights are not self-executing; some initiative and action is often necessary to retain them. Respondent's claim that he would have exercised his right to appointed counsel if he had known that he had it does not override the fact that he neither attempted to ascertain what his rights were nor sought the court's aid in regard to them for an inordinate length of time. Receiving neither information nor inquiry from respondent, the court had no way of knowing that respondent either opposed the proceeding or desired the assistance of appointed counsel in regard to it; and that the court proceeded apace to finally adjudicate respondent's rights should not have surprised him. Since respondent could have readily learned about the adjudication if he had tried to do so, his assertion that he would have appealed from it if he had known about it is likewise without legal significance. Furthermore, respondent's motion was not timely filed. The motion is one for relief from a judgment or order under the terms of Rule 60(b), N.C. Rules of Civil Procedure, which provides that motions for relief on some of the grounds authorized must be filed within a year after the judgment is entered, and motions for relief on the other grounds authorized must be filed "within a reasonable time" after the judgment is entered. Which time limit applies to respondent's motion need not be determined, since it manifestly was not filed within either one.

Affirmed.

Judges WELLS and WHICHARD concur.